LÓPEZ, PETICIONARIO, *v.* CORTE DE DISTRITO DE GUAYAMA, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Guayama, Hon. Angel Arroyo, Juez.

No. 378.—Resuelto en julio 29, 1922.

ALIMENTOS—DESACATO.—La desobediencia a una orden firme concediendo alimentos puede ser castigada en procedimiento por desacato.

CORTES—FACULTAD DE LAS CORTES PARA PROCEDER EN CÁMARA—ALIMENTOS.—Las cortes de distrito tienen poder para despachar y resolver en cámara una orden citando al marido demandado para que comparezca a mostrar causas por las cuales no debe ser castigado por desacatar una orden firme que le impuso el pago de una pensión alimenticia a su esposa demandante en divorcio.

DIVORCIO—SINDICATURA—SOCIEDAD DE GANANCIALES.—Atendidos los términos del artículo 182 del Código de Enjuiciamiento Civil las cortes tienen facultad para nombrar síndicos que tomen posesión de bienes que corresponden a la sociedad de gananciales, en cualquier estado del pleito de divorcio y durante la sustanciación del mismo.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sra. H. Tormes.*

La parte demandada no compareció.

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

En el pleito de divorcio seguido en la Corte de Distrito de Guayama por Margarita Coll *v.* Carmelo López Barros, dicha corte, a moción de la demandante, concedió una pensión alimenticia mediante la siguiente orden, que dice:

"Para la vista del incidente sobre pensión alimenticia en el caso arriba titulado, compareció la demandante asistida de su abogado Martínez Dávila, no habiendo comparecido el demandado: Examinada la prueba aportada por la parte compareciente y justificada la necesidad de la pensión alimenticia solicitada por la demandante, la corte ordena que el demandado Carmelo López Barros, pase a la demandante por conducto de la secretaría de este tribunal una pensión alimenticia mensual de sesenta dólares, a contar de esta fecha; *Disponiéndose,* que esta orden sea notificada al demandado mencionado para que proceda a cumplir lo dispuesto en la misma.—Dada en Guayama, P. R., hoy 12 de mayo de 1922.—(F.) Angel Arroyo, Juez del Distrito."

Después de dictada la orden transcrita, la demandante se quejó ante la corte inferior de que el demandado no había cumplido la resolución sobre alimentos y la corte otra vez por orden de 30 de junio de 1922 dispuso que el demandado compareciera en cámara (*at chambers*) el día 7 de julio de 1922 para que mostrara causa por la cual no debiera ser castigado por desacato, la cual orden literalmente, en la parte pertinente, dice:

"Por cuanto, la demandante Margarita Coll nos ha informado, mediante declaración jurada al efecto, de que usted, el demandado antes mencionado, no le ha entregado hasta la fecha, ni personalmente, ni por conducto del secretario de esta corte, ni por ningún otro conducto, cantidad alguna de dinero, en desobediencia a lo ordenado por esta corte el citado día doce de mayo ppdo.

"Por tanto, se requiere a usted, Carmelo López Barros, el demandado supramencionado para que sin excusa de ningún género comparezca ante nos, el juez que provee, en su despacho sito en el edificio de este tribunal ubicado en la calle de Hostos No. 16, a las diez de la mañana del día siete de julio de 1922, a exponer las cau-

sas, si alguna tuviere, por la que no deba ser condenado por desacato.—Así lo ordenamos y firmamos de nuestro puño y letra y bajo el sello oficial de la corte, en nuestro despacho, en la ciudad de Guayama, P. R., hoy día 30 de junio de 1922.—(F.) Angel Arroyo, Juez del Distrito.''

Por otra moción, a nombre de la demandante, solicitando el nombramiento de un síndico para que tome posesión de los bienes de la sociedad conyugal durante la sustanciación del pleito de divorcio, la corte accedió al nombramiento solicitado dictando la siguiente orden que copiamos:

''Vista la moción presentada por la demandante interesando el nombramiento de un síndico, la moción sobre oposición presentada por el demandado y el escrito de la demandante proponiendo para el referido cargo de síndico a Jesús Rivera; oída la prueba practicada y que ofreciera la demandante, no habiendo ofrecido alguna el demandado, que fué debidamente citado y notificado para la vista de dicha moción, la corte decreta y ordena el nombramiento de Jesús Rivera, como síndico de los bienes muebles pertenecientes a la sociedad de gananciales habida entre Carmelo López Barros, demandado y Margarita Coll, demandante, debiendo prestar el debido juramento del cargo y una fianza por la suma de quinientos dollars ($500) para responder del fiel cumplimiento de los deberes y obligaciones correspondientes a dicho cargo.—Notifíquese a las partes y a sus abogados.—Dada en Guayama, Puerto Rico, hoy 19 de junio de 1922.—(F.) Angel Arroyo, Juez de Distrito.''

En virtud de los procedimientos que acabamos de relacionar, el peticionario ha interpuesto el presente recurso de *certiorari* para que sean revisadas las actuaciones de la corte inferior y para que se dicte cualquier resolución conforme con la ley y los hechos que aparezcan justificados ante esta corte.

El auto preliminar fué expedido y tenemos ante nosotros el record original, así como los alegatos de una y otra parte interesada en este caso.

El peticionario, con respecto a la orden para mostrar causa por la cual no debiera ser castigado por desacato,

alega: Primero. La corte inferior no tenía facultad para proceder en cámara en ese caso, y sí en corte abierta, tal como dispone el artículo 11 del Código de Enjuiciamiento Civil de Puerto Rico, y la Enmienda Sexta de la Constitución de los Estados Unidos; segundo, porque el demandado no se ha negado obstinadamente ni en ninguna otra forma a cumplir orden alguna legal de la corte inferior; y tercero, porque de acuerdo con las disposiciones del artículo 164 del Código Civil, cualquier orden de la corte puede ser ejecutada en alguna forma por un funcionario ejecutivo dentro del procedimiento para hacer efectivo los alimentos; y que, por la orden de la corte, queda constituido el demandado en lugar y sitio de un deudor, y cualquier sentencia que la corte dicte en este procedimiento, equivaldría a un castigo en contra del demandado, por deuda, lo que es contrario a la Constitución de los Estados Unidos

Los fundamentos del peticionario constituyen una asignación de errores y los examinaremos por el mismo orden que han sido presentados.

1. El artículo 22 del Código de Enjuiciamiento Civil aprobado en marzo 1°., 1904, tal como fué enmendado en marzo 8, 1905, dice:

"Art. 22.—Los jueces de distrito podrán dictar en sus despachos, si así se solicitare:

"(*a*) Las providencias, autos y órdenes de todo género que se insten en los asuntos *ex parte,* o sea en aquellos en que no exista contienda.

"(*b*) Los autos de *mandamus, certiorari,* inhibitorios y prohibitorios.

"(*c*) Las providencias, autos interlocutorios, y toda resolución afectante al procedimiento o encaminada a asegurar la efectividad de la sentencia, que se soliciten antes de contestar la demanda o después de contestada, y también en el período de ejecución de sentencia.

"En los casos a que se contraen los apartados letras (*b*) y (*c*) la parte o partes que se consideren agraviadas, podrán dentro de

los cinco días siguientes oponerse a la resolución recaída, y la oposición así suscitada, se resolverá por el juez, también en su despacho, dentro de un plazo máximo de diez días, a contar de la fecha en que se presentare la oposición.''

La enmienda introducida al artículo transcrito en relación con el original ha consistido en la adición del inciso letra (c). Esto quiere significar que se ampliaban las facultades de los jueces para despachar en cámara providencias, autos interlocutorios y toda resolución afectante al procedimiento o tendente a asegurar la efectividad de una sentencia.

La resolución de la corte inferior de fecha 12 de mayo de 1922 concediendo alimentos y la que fué expedida no estando la corte en vacaciones, no fué apelada, y es una orden exigible por ser firme. Cualquiera que sea el remedio que la ley permita para su ejecución, nuestra conclusión es que la corte inferior tiene poder para despachar en cámara toda orden que se encaminara a asegurar la efectividad de la resolución final que se había dictado sobre alimentos.

2. La orden de la corte inferior para mostrar causa, de fecha 30 de junio de 1922, se basa en que el demandado se ha negado o ha sido negligente en cumplir la orden concediendo alimentos. Se puede notar que esta es una cuestión que versa sobre apreciación de hechos que no pueden ser revisados por *certiorari*. Toda la argumentación del peticionario en relación con ese extremo carece de todo interés legal en este recurso.

3. No vemos la pertinencia ni la apropiada conexión que pudiera tener el artículo 164 del Código Civil que cita en su solicitud el peticionario. Ese artículo se refiere a las causas de divorcio que establece nuestro Código Civil y nos parece que es una cita equivocada. De todos modos el peticionario sostiene que la orden concediendo alimentos puede ser ejecutada por un funcionario ejecutivo y que el castigo que pudiera imponérsele al demandado equivaldría a una sen-

tencia por deuda. Esta es una cuestión que no se discute por primera vez ante este Tribunal. En el caso de *Frau* v. *Canals,* 8 D. P. R. 120, citado por el peticionario en apoyo de su teoría, se resuelve la misma cuestión. Pero el punto que se nos impone discutir ahora es examinar si en la época en que se resolvió aquel caso las disposiciones legales vigentes así lo exigían y si en la actualidad aún siguen subsistentes los principios sustentados en aquella sentencia. El caso se originó el 27 de octubre de 1903 antes de la implantación del vigente Código de Enjuiciamiento Civil. El código referido empezó a regir el 1º. de marzo de 1904 y es un cuerpo legal esencialmente americano. En 1903 ya regía el Código Civil Revisado que si bien en su totalidad casi reproducía el Código Civil Español, sin embargo en materia de divorcio introducía innovaciones fundamentales en nuestras leyes. Se creyó entonces por el tribunal inferior de Arecibo, aplicando un principio de ley internacional, que a un país cedido y en el que se establecían leyes del país soberano, éstas se habían de interpretar de acuerdo con las instituciones, espíritu y jurisprudencia de este último, el que permitía exigir el cobro de una pensión alimenticia mediante un proceso por desacato. No obstante, esta corte revocó el fallo de la corte inferior fundándose en que solamente se trataba de fijar el procedimiento que ha de seguirse en un caso determinado, sobre el cual la Ley Procesal (Ley de Enjuiciamiento Civil Española) es clara y no ofrecía dudas ni dificultades de ninguna especie, y el procedimiento fijado era el procedimiento de apremio.

Pero actualmente tenemos una nueva ley procesal. En esta ley se encuentran los medios para obligar al cumplimiento de una orden como la dictada en 12 de junio de 1922 sobre alimentos.

El artículo 28 del Código de Enjuiciamiento Civil vigente, dice:

"Art. 28.—Todo funcionario judicial tiene facultad:

\*        \*        \*        \*        \*        \*        \*

"2. Para obligar a la obediencia de sus órdenes legales, según se dispone en este Código;  \*  \*  \* ."

Y el artículo 29, dice:

"Para el ejercicio efectivo de las facultades conferidas por el precedente artículo a un funcionario judicial puede éste castigar por desacato en los casos dispuestos en este código."

Según esos preceptos el medio que autoriza la ley para hacer obedecer una orden como la que es objeto de este recurso no puede tener el carácter alternativo ni supletorio, ya que la ley procesal anterior quedó derogada en todos aquellos preceptos que resultaran inconsistentes o incompatibles con la presente, y porque además es una medida definida e independiente que se establece por la vigente Ley Procesal.    De manera que el caso de *Frau* v. *Canals, supra,* citado por el peticionario, no tiene aplicación después de la promulgación del nuevo Código de Enjuiciamiento Civil, porque dicho caso se originó en 1903 al amparo de los procedimientos que eran regulados por la antigua Ley de Enjuiciamiento Civil Española, siendo por el contrario de completa aplicación la teoría que en aquella ocasión trató de introducir en nuestra jurisprudencia el tribunal colegiado de Arecibo y cuyas principales consideraciones fueron las siguientes:

"Considerando que la Corte Suprema de Puerto Rico, en varias ocasiones, ha sentado la jurisprudencia de que para interpretar y llevar a efecto las leyes de divorcio en Puerto Rico, debe acudirse a la jurisprudencia de los Estados Unidos, y en la sentencia de 20 de febrero de 1902, en el pleito de divorcio de María del Carmen Marimón contra su esposo Francisco Pelegrí, declaró: que cuando el Congreso de los Estados Unidos dió a Puerto Rico un sistema de leyes referentes a matrimonio y divorcio, en muchos puntos en completo conflicto con las leyes vigentes en la Isla, al firmarse el Tratado de París, existió claramente la intención de que estas leyes

se parecieran en teoría y método a las vigentes en los Estados Unidos, y que debieran ser administradas y llevadas a efecto de acuerdo con los principios de jurisprudencia americana, e interpretadas de la misma manera.

"Considerando que por esta razón el tribunal para hacer efectivo el pago de la cuota alimenticia no está limitada al procedimiento señalado en la Ley de Enjuiciamiento Civil, sino que puede escoger entre éste y el modo de proceder señalado por la jurisprudencia de los Estados de la Unión.

"Considerando que en la jurisprudencia americana, el modo más prominente de obligar al pago de la pensión alimenticia, es mediante un proceso por desacato, según lo afirma el autor Bishop, autoridad en esta materia, en el párrafo 1092 del tomo segundo de su Obra sobre matrimonio, divorcio y separación, y se desprende de las muchas sentencias en el mismo párrafo citado.

"Considerando que a menos que se explique la dilación en el cobro, los tribunales generalmente no obligan de este modo al pago de cantidades debidas desde más de un año, como dice el mismo autor, en el párrafo 1098 del Tomo y Libro ya referidos.

"Considerándose: que en el presente caso, está tanto más acertado este procedimiento, porque de los pleitos seguidos entre las mismas partes, aparece claramente la intención del demandado Canals de resistir y burlar el mandamiento de la corte y evitar a todo trance el pago de las mensualidades que adeuda a su esposa."

La teoría sustentada por la Corte de Distrito de Arecibo en 1903 pudo ser prematura, pero los principios siempre subsisten; y cuando se fundan en una teoría realmente humana, tienen que prevalecer.   La ejecución para que se haga efectiva una orden sobre alimentos es más o menos dilatoria, su dilación traería graves injusticias, porque se trata de alimentos, y su negación, como necesidad perentoria que no admite prórroga, afectaría la vida misma de las personas necesitadas; lo cual sería tanto más lamentable y reprochable cuando en el matrimonio existe prole.   Así es que en el *Common Law*, que es la fuente de inagotables remedios que descansan en principios de derecho natural, se recurrió a un procedimiento más enérgico, como lo es el desacato, no precisamente para que se haga el cobro de la pensión alimenticia, sino para cas-

tigar principalmente la inhumana negligencia de la persona que rehusa el cumplimiento de órdenes judiciales de la naturaleza de la que tratamos, acordando alimentos. Tal procedimiento hoy lo autoriza la ley y debemos sostener la acción de la corte inferior.

La segunda orden, que solicita el peticionario que revisemos por el presente recurso, es la que dispone el nombramiento de un síndico que tome posesión de los bienes gananciales, para que sean administrados bajo la dirección de la corte, hasta la terminación de la acción de divorcio.

No creemos que nuestros estatutos ofrezcan dificultades para resolver esta cuestión levantada por el peticionario, ni tampoco es materia nueva que por primera vez se presente a nuestra consideración.

El número 1°. del artículo 182 del Código de Enjuiciamiento Civil vigente, dice:

"Art. 182.—Un síndico podrá ser nombrado por la corte en que un pleito esté pendiente o se haya fallado, o por el juez de dicha corte:

"1. En una acción entablada por un vendedor para anular una compra fraudulenta de bienes, o por un acreedor para someter a su reclamación cualesquiera bienes o fondos, o entre socios, u otras personas que en común posean o estén interesadas en bienes o fondos, mediante solicitud del demandante o de cualquiera parte, cuyo derecho o interés en dichos bienes o fondos o productos de los mismos sea presumible, siempre que se probare que los bienes o fondos corren peligro de perderse, trasladarse o sufrir daños de consideración. * * * "

Los bienes gananciales pertenecen a la sociedad conyugal, y ya que se considere a ambos cónyuges como socios de dicha sociedad, o que dada la naturaleza del matrimonio, se entienda que dichos bienes están poseídos en común por ellos como interesados en los mismos, es incuestionable, conforme a la disposición anterior, la facultad de las cortes para nombrar síndicos que tomen posesión de bienes que corresponden a la sociedad de gananciales, en cualquier estado del

plieto de divorcio y durante la sustanciación del mismo. Si no dispusieramos de esta medida no encontraríamos protección en la ley para evitar el fraude en caso de que cualquiera de los cónyuges, en una acción de divorcio, tratara de traspasar los bienes muebles o corrieran el peligro de perderse o de sufrir daños de consideración.

El caso que cita el abogado de la demandante, de *Vázquez Prada* v. *Dávila,* 22 D. P. R. 705, tiene relación con la cuestión aquí debatida pero el de *Masson* v. *Campillo,* 28 D. P. R. 428, es más reciente y de estricta aplicación al presente.

Por las precedentes consideraciones, debe anularse el auto expedido.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.