## SECURITIES AND EXCHANGE COMMISSION v. PENFIELD CO. et al.

### No. 11173.

Circuit Court of Appeals, Ninth Circuit.
June 25, 1946.

As Amended on Denial of Rehearing
July 16, 1946 and Order of
Aug. 27, 1946.

Writ of Certiorari Granted Nov. 18, 1946.
See 67 S.Ct. 202.

MATHEWS, Circuit Judge, dissenting.

---

[4] See Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c.

Roger S. Foster, Sol., Robert S. Rubin, Asst. Sol., and W. Victor Rodin, Atty., S.E.C., all of Philadelphia, Pa., for appellant.

Morris Lavine, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

■ This is an appeal by the Securities and Exchange Commission, hereinafter called the Commission, from an order of the district court made on the motion of the Commission which, though it held appellee Young, an officer of the Penfield Company, in contempt for failing to comply with an order to produce documents for the inspection of the Commission's examiner and fined Young $50.00, failed to enforce the disobeyed order by committing Young unless he complied. Young paid the fine. The motion and order were made·in the same proceeding in which the disobeyed order was made. Penfield Co. v. Securities and Exchange Commission, 9 Cir., 143 F.2d 746. It is an appealable order. Clarke v. Federal Trade Commission, 9 Cir., 128 F.2d 542, 543.

Young did not appeal from the order holding him in contempt. That decision is final and the only question before us is the extent of the remedy to which the Commission is entitled.

■ Appellees contend that there is no obligation on the district court to commit Young until he has complied with the court's order because it is discretionary with that court either to fine or to imprison and that, since Young has paid the fine, the case is moot. We do not agree. We consider it at least an abuse of discretion not to grant the full relief to the Commission which the statute intended, namely, the access to the books and records in question and instead to impose the fine.

■ The proceeding for the required access is civil in character and refusal to commit until the order is obeyed, frustrates the remedial purpose of the legislation creating the right to secure access to the documents.[1] As was said in Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 and 442, 31 S.Ct. 492, 501, 55 L.Ed. 797, 34 L.R.A.,N.S., 874:

"* * * the power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory.

"* * * Imprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in such cases is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order. * * * If imprisoned, as aptly said in Re Nevitt, 8 Cir., 117 F. [448], 451, 'he carries the keys of his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do." Parker v. United States, 1 Cir., 153 F.2d 66, 70; In re Kahn, 2 Cir., 204 F. 581, 582. In the cases cited by appellees the petitioners were not, as here, seeking a civil remedy. In Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872, petitioner was convicted of a crime. In re Bradley, 317 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 500, he was sentenced for a criminal contempt. In neither had there been denied to the opposing litigant a civil remedy to which he was entitled.

■ Appellees also contend that the contempt proceeding was moot because, since the disobeyed order, there had been a trial of appellees for certain violations of the Securities and Exchange Act in which these documents and records would have been relevant evidence. There is no merit in this contention since the records well may have disclosed other offenses against the Securities and Exchange Act.

---

[1] 15 U.S.C.A. 77t.

■ The order imposing the fine is reversed and the case remanded to the district court for an order requiring Young's imprisonment to compel his obedience to the order to produce the documents in question. "If he complies, or shows that compliance is impossible, he must be released, for his confinement is not as punishment for an offense of a public nature." Parker v. United States, 1 Cir., 153 F.2d 66, 70.

The order of the district court is reversed.

MATHEWS, Circuit Judge, dissents.