CRESCENCIO ESPINOSA, peticionario y apelante, *v.* CASTO RAMÍREZ, ALCAIDE DE LA CÁRCEL DE DISTRITO DE HUMACAO, demandado y apelado.

Núm. 10099.—*Sometido:* Enero 9, 1950. *Resuelto:* Marzo 17, 1950.

*Santos P. Amadeo, Cruz Ortiz Estela, J. Hernández Vallé* y *Agustín Pérez Rodríguez,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

En pleito civil sobre reclamación de alimentos, la Corte de Distrito de Humacao dictó sentencia condenando a Crescencio Espinosa a pasar a su alegada hija natural Ruth Pérez la cantidad de $5 semanales. El demandado se negó a cumplir la sentencia y a instancia de la demandante, madre de la menor, fué citado para que mostrase causas por las cuales no debiera ser castigado por desacato. Practicada la prueba de la demandante, el demandado manifestó que no presentaría evidencia y que no había depositado ni pensaba depositar

las pensiones alimenticias adeudadas; en suma, que no estaba dispuesto a cumplir la sentencia. En vista de ello, la corte lo declaró incurso en desacato civil y lo sentenció a reclusión en la Cárcel de Distrito de Humacao por tiempo indefinido hasta que cumpliera con la sentencia en el pleito de alimentos. Hallándose encarcelado a virtud de la sentencia de desacato, el demandado recurrió ante el Juez de Turno de este Tribunal con una petición de hábeas corpus alegando que su prisión es ilegal porque la corte sentenciadora carecía de jurisdicción para dictar la sentencia recurrida. Basa su proposición en los siguientes fundamentos:

(a) En que la Ley núm. 102 de 1937 (Leyes de 1936–37, pág. 250) que reglamenta el poder de los Tribunales de Puerto Rico para castigar por desacato es aplicable, tanto al desacato criminal como al civil, y que al fijar las sanciones que pueden imponerse, no autoriza una sentencia de prisión indefinida.

(b) En que no estando autorizada esa sentencia como lo está en California por el artículo 1219 del Código de Enjuiciamiento Civil, viola el artículo 2 de la Carta Orgánica de Puerto Rico que no permite que se prive a una persona de su libertad sin el debido procedimiento de ley.

(c) En que no siendo las Cortes de Distrito de Puerto Rico cortes constitucionales, sólo tienen los poderes que les confiera la Legislatura de Puerto Rico.

Basándose en los casos de *Munet* v. *Ramos*, 69 D.P.R. 353, *Dubón* v. *Casanova*, 65 D.P.R. 835 y *Germán* v. *Corte*, 63 D.P.R. 612, el Juez de Turno, sin oír a las partes, denegó la petición de hábeas corpus y de esa resolución el peticionario apeló para ante el Tribunal en pleno. El fiscal de este Tribunal solicitó la desestimación del recurso alegando que una resolución de un Juez de Turno negando la expedición de un auto de hábeas corpus sin oír a las partes, no es apelable. La moción para desestimar así como el recurso en su fondo, fueron sometidos conjuntamente.

I

██ En apoyo de su moción para desestimar arguye el apelado que en conformidad con la sección 9 de la "Ley Fijando la Duración de las Sesiones del Tribunal Supremo de Puerto Rico", aprobada el 1ro. de marzo de 1902 (pág. 84), según fué enmendada dicha sección por la Ley núm. 59 de 27 de abril de 1931 (pág. 405), las resoluciones del Juez de Turno dictadas en recursos de autos inhibitorios, *certiorari, mandamus, quo warranto* y hábeas corpus, son revisables por este Tribunal; que en el presente caso, el Juez de Turno limitó su decisión a declarar que no había lugar a la expedición del auto de hábeas corpus y como en *Camacho v. Corte,* 69 D.P.R. 738 se resolvió que la resolución del Juez de Turno es apelable solamente cuando el Juez considera la petición de certiorari, expide el auto y resuelve definitivamente la cuestión, procede en este caso desestimar el recurso.

La doctrina establecida en el caso de *Camacho,* supra, descansa en que la Legislatura, al conceder la revisión de las resoluciones del Juez de Turno, tuvo por miras proveer el mismo remedio que el artículo 295, inciso 1, del Código de Enjuiciamiento Civil dispone para revisar las sentencias de las cortes de distrito; y como con arreglo al referido inciso 1 solamente son apelables las sentencias definitivas pronunciadas en un pleito o procedimiento especial, una decisión del Juez de Turno que no resuelva definitivamente la cuestión que le ha sido sometida, no es apelable.

Por otro lado, arguye el apelante que en el caso de *Camacho,* supra, la decisión del Juez de Turno recayó en un recurso de certiorari, mientras que en el que nos ocupa fué declarada sin lugar una petición de hábeas corpus; que en el certiorari no se instituye un pleito, pues el recurso es un mero incidente de una acción ya establecida y la negativa a considerar y a expedir el auto no equivale a una sentencia definitiva; que en el hábeas corpus, como se resolvió en *Ex parte Quirin,* 317 U. S. 1 (1942) 87 L. ed. 3, al radicarse

14

la petición se inicia un pleito y en consecuencia, al negar la corte permiso para su continuación, lleva a cabo la determinación judicial apelable a la Corte de Apelaciones de los Estados Unidos y revisable por certiorari en la Corte Suprema.

Tendría razón el apelante si el artículo 295 del Código de Enjuiciamiento Civil rigiese la apelación en casos de hábeas corpus. En éstos, la apelación está reglamentada por la Ley de 12 de marzo de 1903, Código de Enjuiciamiento Criminal, ed. 1935, pág. 329, la cual, en su sección 1 prescribe:

"Podrá interponer recurso de apelación para ante el Tribunal Supremo de Puerto Rico, contra la providencia definitiva de un tribunal o juez *al devolverse diligenciado el auto de hábeas corpus,* cualquiera de las partes que resultare agraviada." (Bastardillas nuestras.)

En conformidad con la transcrita sección, para que la resolución sea apelable, es requisito *sine qua non* que el auto haya sido expedido y diligenciado. En el presente caso, como el auto no fué expedido, naturalmente, no fué diligenciado. En consecuencia, la decisión del Juez de Turno no es apelable.

Pero como en este caso las partes han sido oídas por este Tribunal y no existe controversia en cuanto a los hechos, estéril sería obligar al peticionario a radicar la misma petición ante este Tribunal, cuando considerando la que se dirigió al Juez de Turno como dirigida al Tribunal en pleno, podríamos resolver las cuestiones envueltas sin necesidad de expedir el auto ni oír nuevamente a las partes. Así, pues, consideraremos la petición como dirigida originalmente al Tribunal en pleno. Cf. *Núñez* v. *Benítez, Rector,* 65 D.P.R. 864 y *Portela* v. *Tribunal de Distrito,* 66 D.P.R. 279.

II

La cuestión envuelta en el presente caso, la de si una corte de distrito puede, en caso de desacato civil, ordenar que el desacatador sea encarcelado hasta que cumpla la orden o sentencia que rehusó cumplir, fué ampliamente dis-

cutida y resuelta por este Tribunal en *Dubón* v. *Casanova,* supra. Resumiendo la discusión se dijo allí:

"Opinamos que en un caso de desacato civil, como lo es el de autos, en que el desacato consiste en la obstinada y contumaz resistencia de los querellados a obedecer la orden legalmente expedida por la corte inferior para la entrega al márshal del certificado acreditativo de las acciones pertenecientes al demandado, la corte de distrito procedió con plena facultad y dentro de los límites de su jurisdicción al dictar la sentencia recurrida. La encarcelación de los querellados no es un castigo impuéstoles por su desobediencia a la orden de la corte y sí un remedio coercitivo para obligarles a hacer lo que la corte les ordenó que hicieran. Los querellados ingresarán en la prisión llevando consigo la llave que puede devolverles la libertad. Bastará que ellos obedezcan la orden del tribunal, entregando el certificado, para que *ipso facto* recobren su libertad." (pág. 849.)

En aquel caso es tan abarcadora la discusión que se hace del desacato civil y el poder de nuestras cortes de distrito para imponer sentencia de encarcelación por tiempo indefinido como medida coercitiva para obligar al desacatador a cumplir la orden desacatada y de ese modo proveer de un remedio adecuado al litigante perjudicado por el incumplimiento de la sentencia, que al discutir las cuestiones suscitadas ahora por el peticionario, no podríamos hacer otra cosa que repetir lo dicho entonces. Con todo, el peticionario, atacando nuestra decisión en el caso de *Dubón,* supra, aduce ahora un argumento que no fué presentado entonces. Sostiene que cuando en 1902 la Legislatura aprobó la Ley de Desacato estableció una sola sanción para las dos clases de desacato y que la misma norma siguió en las leyes sobre la materia aprobadas en 1906 y 1937; que en California existía el artículo 1219 del Código de Enjuiciamiento Civil proveyendo la sanción de encarcelamiento por tiempo indefinido para el desacato civil, pero ese artículo no fué adoptado en Puerto Rico; y de ahí salta a la conclusión de que como los legisladores puertorriqueños sólo estaban familiarizados con la legislación española sobre desacato que no contenía sanción especial para el desacato civil, fué la intención de la

Legislatura imponer una misma penalidad para las dos clases de desacato, proscribiendo así la encarcelación por tiempo indefinido que imponen las cortes americanas en los casos de desacato civil.

Al aprobarse en 1902 el Código de Enjuiciamiento Criminal y dos años después el de Enjuiciamiento Civil—ambos de origen americano—las cortes en Puerto Rico asumieron las características de los tribunales americanos que les sirvieron de modelo. Entre esas características se halla la facultad que tiene todo tribunal para hacer cumplir sus sentencias, órdenes y providencias por adecuados medios coercitivos. Sin ese poder los tribunales no serían cortes de justicia, sino meras juntas consultivas o de arbitraje impotentes para hacer cumplir sus laudos o decisiones. De ahí que en el artículo 28 del Código de Enjuiciamiento Civil, idéntico al 177 del de California, se declare como un poder incidental de un juez el de obligar a la obediencia de sus órdenes legales. De manera, pues, que la creación de una corte conlleva como incidental a la misma el poder de obligar a la obediencia de sus órdenes o sentencias. Por esa razón el artículo 29 del mismo Código, igual al 178 del de California, prescribe:

"Para el ejercicio *efectivo* de las facultades conferidas por el precedente artículo a un funcionario judicial, puede éste castigar por desacato en los casos dispuestos en este Código." (Bastardillas nuestras.)

¿Y cuáles son "los casos dispuestos en este Código" a que se refiere el artículo 29? Sencillamente, los enumerados en sus artículos 7 y 28([1]) que comprenden, entre otros, el poder de hacer cumplir sus sentencias.

([1]) Los artículos 7 y 28 del Código de Enjuiciamiento Civil prescriben:
"Artículo 7.—Toda corte tiene poder:
"1. Para mantener y asegurar el orden en su presencia;
"2. Para mantener el orden en los procedimientos seguidos ante ella o ante cualquier persona o personas comisionadas por ella para practicar una investigación judicial;
"3. Para disponer que se tramiten con arreglo a la ley los procedimientos seguidos ante ella o ante sus funcionarios;
"4. Para hacer cumplir sus sentencias, órdenes y providencias, y las órdenes que dicte un juez fuera de estrado en una acción o procedimiento pendiente ante la corte;

Basándose en el hecho de haberse omitido el artículo 1219 del Código de Enjuiciamiento Civil de California, el peticionario concluye que fué la intención legislativa imponer una sola sanción para el desacato, ya fuere criminal o civil, y esa sanción pretende encontrarla actualmente en la Ley de 1ro. de marzo de 1902 "Definiendo el Delito de Desacato y Disponiendo la Pena Correspondiente", cuya sección 2, según fué enmendada por la Ley núm. 102 de 1937 (pág. 250) en lo pertinente, prescribe:

"La Corte Suprema y las cortes de distrito de Puerto Rico tendrán facultad para castigar el desacato a su *autoridad* con prisión por un período máximo de treinta (30) días, en la cárcel local más inmediata al tribunal, o con multa máxima de doscientos (200) dólares o ambas penas, a discreción del tribunal." (Bastardillas nuestras.)

Una lectura de la parte pertinente de la sección 2 arriba transcrita nos convencerá de que no es cierto que la Ley núm. 102 de 1937 tenga por objeto prescribir el mismo castigo para el desacato criminal que para el civil. El desacato a que dicha Ley se refiere, es el desacato a la *autoridad* del tribunal. Como se dijo en *Gompers* v. *Bucks Stove & Range Co.*, 221 U. S. 418 (1911): "Pero en el caso de un desacato criminal la sentencia es punitiva para vindicar la autoridad de la corte". De ahí que en el caso de *Dubón* v. *Casanova*, supra, citando del caso de *Germán* v. *Corte*, supra, dijéramos a la pág. 846: " 'Notamos, sin embargo, que la Ley núm. 102, Leyes de Puerto Rico, 1937, no deja lugar a especula-

"5. Para dirigir en bien de la justicia, la conducta de sus funcionarios y de las demás personas que tuvieren algún interés en cualquier procedimiento judicial seguido ante ella, o actuación perteneciente a dicho procedimiento;

"6. Para obligar a que comparezcan las personas que hayan de prestar declaración en una acción o procedimiento pendiente ante ella en los casos y en la forma dispuestos en este Código;

"7. Para recibir juramentos en acciones o procedimientos pendientes ante ella y en los demás casos en que lo requiera el ejercicio de sus poderes y deberes;

"8. Para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y a la justicia."

ción sobre la cuestión ante nos en cuanto a los casos radicados bajo tal Ley, en vista de su expresa disposición de que tales casos envuelven *desacato criminal* . . .' ". Y el hecho de que la Legislatura no haya adoptado el artículo 1219 del Código de Enjuiciamiento Civil de California ni provisto por ninguna otra ley la sanción para los casos de desacato civil, ¿significa acaso que nuestras cortes carezcan de poder para imponer la sanción adecuada para esa clase de desacato? Como hemos visto, el poder de hacer cumplir sus sentencias u órdenes, es incidental a los tribunales de justicia. Cf. *Ex parte Látimer*, 47 Cal. 131 (1873).

 En el caso de alimentos que ha motivado la sentencia de desacato, sin duda una condena de multa o cárcel por tiempo definido no hubiera permitido a la corte ejercitar de una manera efectiva la facultad de hacer cumplir su sentencia de alimentos, pues el desacatador bien podía pagar la multa o extinguir el término de prisión y sin embargo, la menor a cuyo favor se dictó la sentencia de alimentos se quedaría sin percibirlos. Por esa razón, cuando el demandado rehusa verificar un acto afirmativo que imperativamente se le ordena hacer en beneficio de otro, el castigo que se le imponga debe ser reparador, encaminado a obligarlo a realizar el acto que rehusa hacer. En *Penfield Co.* v. *S.E.C.*, 330 U. S. 585 (1947), The Securities Exchange Commission, en el curso de una investigación expidió una citación *duces tecum* dirigida a un tal Young como oficial de Penfield Co., requiriéndole para que exhibiese ciertos libros de la corpo-

---

"Artículo 28.—Todo funcionario judicial tiene facultad:

"1. Para guardar e imponer el orden en su presencia inmediata y en los procedimientos seguidos ante él mientras estuviere en el desempeño de sus deberes oficiales.

"2. Para obligar a la obediencia de sus órdenes legales, según se dispone en este Código.

"3. Para obligar a comparecer las personas que hayan de prestar declaración en un procedimiento seguido ante él en los casos y en la forma dispuestos en este Código.

"4. Para recibir juramentos a las personas comprendidas en algún procedimiento que estuviere pendiente ante él, y en los demás casos en que sea necesario en el ejercicio de sus facultades y deberes."

ración. Al rehusar comparecer y exhibir los libros, la Comisión radicó una petición en la Corte de Distrito de los Estados Unidos para el Distrito Sur de California, para que se le obligara a cumplir con la citación duces tecum. Young persistió en su negativa y la corte, después de oírlo, lo declaró incurso en desacato, pero rehusó conceder a The Securities and Exchange Commission un remedio coercitivo encaminado a obligarlo a producir los libros, limitándose a imponerle una multa de $50 la cual pagó. La Comisión apeló para ante la Corte de Apelaciones, la cual revocó la sentencia, declarando que la Corte de Distrito había incurrido en error al imponer una multa de $50 en vez de una penalidad reparadora dirigida a obligar a Young a producir los documentos y dictó otra sentencia ordenando su encarcelación hasta que los produjera. 157 F.2d 65 (C.C.A. 9th., 1946). Al confirmar la sentencia de la Corte de Apelaciones dijo la Corte Suprema:

"La doble función del desacato ha sido reconocida desde hace mucho tiempo—(1) vindicar el interés público castigando conducta desdeñosa; (2) ejercitando coerción para obligar al desacatador a hacer aquello que la ley le requiera que haga. (Citas.) Como dijéramos en *Bessette* v. *W. B. Conkey Co.,* 194 U. S. 324, 'El objeto del procedimiento de desacato es sostener la autoridad de la corte y a la vez asegurar a los litigantes los derechos que le han sido adjudicados.' " (Pags. 593–4.)
" . . . . . . . . . ."
"Convenimos con la Corte de Circuito de Apelaciones en que la negativa de la Corte de Distrito a conceder el remedio completo con que la Ley respalda las órdenes de la Comisión, constituyó un abuso de discreción. . . . . ." (Pág. 592.)
"Cuando la Corte de Circuito de Apelaciones cambió la prisión indefinida por la multa, sustituyó un remedio civil por una sanción criminal, pues la encarcelación sería sufrida solamente si los documentos no eran producidos o continuaría mientras Young fuera recalcitrante. Por otro lado, la multa impuesta por la Corte de Distrito a diferencia de la envuelta en *Fox* v. *Capital Co.,* supra, pág. 106–109 [299 U. S.] fué incondicional y no un remedio de naturaleza coercitiva, tal como lo solicitó la Comisión. Fué sola y exclusivamente de carácter punitivo.

20

Cf. *Nye* v. *United States,* 313 U. S. 33, 42, 43." (Pags. 592, 593.)

Lo mismo hubiera sucedido en el presente caso si en vez de una sentencia de encarcelación por tiempo indefinido hasta que el demandado cumpliera con la orden de la corte o demostrara su imposibilidad de cumplirla, *Parker* v. *United States,* 153 F.2d 66, (C.C.A. 1ro. 1946), se hubiera impuesto una de multa o prisión por término fijo.

No habiendo la Legislatura provisto una sanción adecuada para que la corte de distrito pudiera ejercitar de manera efectiva su poder incidental de hacer cumplir sus sentencias, la corte tiene la facultad de imponer la sanción adecuada. Véase, por analogía, Frankfurter and Landis, *Power to Regulate Contempts,* 37 Harv. L. Rev. 1010.

*Por lo expuesto procede declarar sin lugar la petición de hábeas corpus.*

· El Juez Asociado Sr. Negrón Fernández se inhibió.