# 2006 DTA 86

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**
**PANEL X**

CARMEN PADRÓN VÉLEZ
Peticionaria

v.

HERIBERTO BOURDON MALDONADO
Recurrido

Núm. KLCE-06-00639

San Juan, Puerto Rico, a 15 de junio de 2006

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Hernández Torres

Brau Ramírez, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

**I**

La peticionaria Carmen Padrón Vélez estuvo casada con el recurrido Heriberto Bourdon Maldonado. Las partes vivían en Ponce. El recurrido es doctor en medicina. La peticionaria no trabajaba en un empleo remunerado.

Durante su matrimonio, las partes procrearon cuatro hijos.

Las partes se divorciaron el 1ro de octubre de 1992, mediante sentencia emitida por el Tribunal Superior de Ponce, por la causal de adulterio cometido por el recurrido. La custodia de los niños, quienes eran todos menores

de edad, fue concedida a la peticionaria.

El Tribunal de Primera Instancia fijó al recurrido una pensión alimentaria de $857.00 quincenales a favor de los menores, además del pago de renta y de gastos de educación para éstos. También le fijó una pensión a favor de la peticionaria de $300.00 quincenales.

Las partes continuaron residiendo en Ponce. El recurrido pagó las pensiones fijadas.

En junio de 2002, el recurrido presentó una moción en la que solicitó que se rebajara la pensión fijada a favor de sus hijos, en vista de que algunos de ellos habían llegado a la mayoría de edad. El recurrido también solicitó que se eliminara la pensión fijada a favor de la peticionaria. Comenzando en agosto de 2004, el recurrido dejó de pagar la pensión de la peticionaria.

Luego de otros trámites, el 22 de diciembre de 2004, el Tribunal de Primera Instancia declaró con lugar la solicitud del recurrido y lo relevó de pagar la pensión a la peticionaria. Este dictamen fue revocado por este Tribunal mediante sentencia emitida el 7 de diciembre de 2005 en el recurso de apelación KLAN-2005-00109.

Así las cosas, la peticionaria solicitó que se ordenara al recurrido el pago de las sumas adeudadas por concepto de su pensión, las que ascendían a $7,200.00. El recurrido no presentó oposición a dicha solicitud. El 11 de octubre de 2005, el Tribunal de Primera Instancia le ordenó al recurrido pagar la suma adeudada a la peticionaria, so pena de desacato. El recurrido incumplió la orden del Tribunal.

El 10 de noviembre de 2005, el Tribunal de Primera Instancia requirió al recurrido que compareciera ante dicho foro a mostrar causa por la cual no debía ser hallado en desacato por su incumplimiento y señaló una vista para el 18 de enero de 2006.

Durante la vista, el recurrido alegó que no procedía el cobro de las pensiones atrasadas por la vía de apremio, por constituir dicha obligación una deuda corriente que debía ser ejecutada por otros medios. El Tribunal acogió dicho planteamiento y dejó sin efecto su orden de mostrar causa. La peticionaria le solicitó al Tribunal que emitiera su resolución por escrito.

El 16 de marzo de 2006, la peticionaria le solicitó nuevamente al Tribunal de Primera Instancia que emitiera su resolución por escrito. Para esa fecha, la deuda por pensiones atrasadas ascendía a $11,200.00.

El 5 de abril de 2006, el Tribunal de Primera Instancia emitió la resolución recurrida y se reafirmó en su denegatoria de hallar al peticionario incurso en desacato civil.

En su resolución, el Tribunal observó que la Sección 11 del Artículo II de la Constitución de Puerto Rico prohíbe que una persona sea encarcelada por deuda. El Tribunal concluyó que, aunque por excepción, nuestro ordenamiento permitía lo anterior en el caso de menores, no procedía en el cobro de una deuda por pensión alimentaria entre adultos.

El Tribunal expresó:

*"Por tratarse de una pensión ex-cónyuge donde el alimentista es mayor de edad, no está revestido del mismo interés que si fuera un menor de edad. Siendo así, no procede el desacato civil para obligar el pago de la pensión atrasada. En su lugar, la demandante deberá evaluar la posibilidad de radicar una acción civil de embargo de bienes o cualquier otra acción civil de cobro."*

El Tribunal denegó todo remedio a la peticionaria.

Insatisfecha, ésta acudió ante este Tribunal.

Mediante resolución emitida el 17 de mayo de 2006, acogimos el recurso y concedimos término al recurrido para que compareciera a mostrar causa por la cual no debíamos emitir el auto solicitado y revocar la resolución recurrida.

El término concedido ha expirado. Procedemos según lo intimado.

## II

En su recurso, la peticionaria plantea que el Tribunal de Primera Instancia erró al concluir que el remedio de desacato civil no estaba disponible para el cobro de una deuda por pensión de ex cónyuges.

Los jueces, según se conoce, tienen la facultad inherente de hacer cumplir las sentencias, órdenes y providencias dictadas por ellos. 4 L.P.R.A. sec. 24o (Supl. 2005); véanse, *In re: Salas Arana*, 167 D.P.R. ___ (2006), **2006 J.T.S. 60**, a la pág. 1,133; *E.L.A. v. Asoc. de Auditores*, 147 D.P.R. 669, 681 (1999).

A estos fines, la Ley de la Judicatura de Puerto Rico de 2003 les autoriza a castigar por desacato. 4 L.P.R.A. sec. 24o (Supl. 2005).

El Tribunal Supremo de Puerto Rico ha aclarado que la facultad de imponer desacatos civiles es inherente a la función judicial. *In re: Salas Arana*, **2006 J.T.S. 60**, a la pág. 1,133; *E.L.A. v. Asoc. de Auditores*, 147 D.P.R. a la pág. 681; *Pueblo v. Lamberty*, 112 D.P.R. 79, 81 (1982); *U.P.R. v. Alejandro Rivera*, 111 D.P.R. 682, 685 (1981); *Pueblo v. Santiago Lavandero*, 108 D.P.R. 647, 654 (1979); *Pueblo v. García Rivera*, 103 D.P.R. 547, 551 (1975); *Pueblo v. Pérez Díaz*, 99 D.P.R. 788, 801 (1971). ▪

Sería un contrasentido que, habiendo dictado una sentencia, orden o providencia a favor de una parte, un tribunal careciera de los medios para hacer cumplir su mandato. Cf., *Valentín v. Mun. de Añasco*, 145 D.P.R. 887, 896 (1998) (desacato en el descubrimiento de prueba).

En el presente caso, opinamos que el Tribunal de Primera Instancia erró al concluir que carecía de toda facultad para conceder, dentro del mismo procedimiento, un remedio a la peticionaria para el cobro de las pensiones adeudadas por el recurrido. El Tribunal consideró que la peticionaria venía obligada a evaluar la posibilidad de "*radicar una acción civil de embargo de bienes o cualquier otra acción civil de cobro*" para hacer efectiva su acreencia. Pero está claro que cualquiera de estos remedios podía haber sido dictado por la Sala recurrida dentro del mismo procedimiento. Cf., 32 L.P.R.A. Ap. III, 51.2 *("[e]l procedimiento para ejecutar una ... orden para el pago de una suma de dinero y ... será mediante mandamiento de ejecución.")*

La confusión del Tribunal de Primera Instancia parece haber respondido a su apreciación de que dicho foro estaba impedido de ordenar el encarcelamiento indefinido del recurrido, en cobro de la deuda reclamada, por prohibirlo la Sección 11 del Art. II de la Constitución de Puerto Rico.

Pero una cosa es el poder de hallar a una parte incursa en desacato civil y otra distinta el remedio específico que pueda disponerse en respuesta a dicha determinación.

En el presente caso, el recurrido ha incumplido la orden del Tribunal que le requirió pagar la deuda acumulada por pensión. No surge que el recurrido hubiera intentado justificar dicho incumplimiento, por lo que el Tribunal de Primera Instancia debió de haberlo declarado incurso en desacato civil, según lo solicitado por la peticionaria.

El Tribunal de Primera Instancia entendió que no podía imponer un desacato civil al recurrido, porque la Sección 11 del Art. II de la Constitución de Puerto Rico prohíbe la prisión por deudas; véanse, *Pabón Rodríguez y Díaz López, ex parte*, 132 D.P.R. 898, 901-902 (1993); *Srio D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. a las págs. 801-806; *Viajes Lesana, Inc. v. Savavedra*, 115 D.P.R. 703, 709 (1984).

Esta disposición, según se conoce, no tiene contraparte en la Constitución de los Estados Unidos. *Viajes Lesana, Inc. v. Savavedra*, 115 D.P.R. a la pág. 709.

Conforme a la citada cláusula, generalmente no procede acudir a la vía de apremio para poner en vigor una obligación económica entre partes privadas. Por ejemplo, una persona no puede ser encarcelada por incumplir una estipulación otorgada como parte de un acuerdo de divorcio mediante el cual ha asumido el pago de una deuda ganancial. *Pabón Rodríguez y Díaz López, ex parte*, 132 D.P.R. a la pág. 902.

Tampoco cabe encarcelar a una persona por desacato civil por el incumplimiento del pago de una resolución del Departamento de Asuntos del Consumidor que le requería el reembolso de dineros recibidos por el comprador de una propiedad. *Srio D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. a las págs. 809-810, o por el incumplimiento de una transacción judicial emitida en un caso de *injunction* que incluia el pago de ciertas sumas. *Viajes Lesana, Inc. v. Savavedra*, 115 D.P.R. a la pág. 711.

Ahora bien, cuando se trata de una obligación revestida de particular interés público, el Tribunal Supremo de Puerto Rico ha resuelto que la cláusula no impide que se verifique su cumplimiento a través del mecanismo del desacato civil y de la prisión subsidiaria. *Pabón Rodríguez y Díaz López, ex parte*, 132 D.P.R. a la pág. 902; *Srio D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. a la pág. 805; *Viajes Lesana, Inc. v. Savavedra*, 115 D.P.R. a la pág. 709.

En estos casos, se entiende que el obligado puede ser encarcelado por tiempo indefinido porque tiene en su poder "*la llave de la prisión*" y podría ser excarcelado en cualquier momento en que así lo escoja, con meramente dar cumplimiento a la orden del Tribunal. *Pres. del Senado*, 148 D.P.R. a la pág. 764; *Espinosa v. Ramírez, Alcaide de la Cárcel*, 71 D.P.R. 10, 15 (1950).

El Tribunal Supremo de Puerto Rico ha resuelto, en este sentido, que, por excepción, una persona puede ser encarcelada por desacato civil por el incumplimiento del pago de una pensión alimentaria a favor de un menor de edad. *Srio. D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. a la pág. 805; *Rodríguez Avilés v. González Beruff*, 117 D.P.R. 616, 626 (1986); *Sosa Rodríguez v. Rivas Sariego*, 105 D.P.R. 518, 521 (1976); *Espinosa v. Ramírez, Alcaide de la Cárcel*, 71 D.P.R. a las págs. 14-15; *López v. Corte de Distrito de Guayama*, 31 D.P.R. 137, 144-145 (1922).

Este tipo de obligación está revestida del más alto interés público. *Martínez v. Rodríguez*, 160 D.P.R. ___ (2003), **2003 J.T.S. 134**, a las págs. 30-31; *Figueroa Robledo v. Rivera Rosa*, 149 D.P.R. 565, 572 (1999); *Soto Cabral v. E.L.A.*, 138 D.P.R. 298, 322 (1995); véase, además, la declaración de política pública de la Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. sec. 502.

La obligación de alimentar, según ha explicado el Tribunal Supremo de Puerto Rico, dimana del derecho a la vida garantizado por el Artículo II, Secs. 1 y 7, de la Constitución del Estado Libre Asociado de Puerto Rico. *Ríos v. Narváez*, 163 D.P.R. ___ (2005), **2005 J.T.S. 3**, a la pág. 604; *Martínez v. Rivera Hernández*, 116 D.P.R. 164, 168 (1985).

Esta obligación también halla base en principios universalmente reconocidos de solidaridad humana asociados al derecho natural e imperativos de los vínculos familiares, *Maldonado v. Cruz*, 161 D.P.R. ___ (2004), **2004 J.T.S. 8**, a la pág. 537; *Chévere Mouriño v. Levis Goldstein*, 152 D.P.R. 492, 498 (2000);

*Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. a la pág. 621, y está expresamente estatuida en los arts. 143 y 153 del Código Civil de Puerto Rico, 31 L.P.R.A. secs. 562 y 601. *Guadalupe Viera v. Morell*, 115 D.P.R. 4, 11-13 (1983).

Dada la política pública que rodea esta clase de obligación, se reconoce que se puede emplear el encarcelamiento por desacato civil para hacerla efectiva.

La Ley Orgánica de la Administración de Sustento de Menores, en este sentido, incorpora expresamente el procedimiento de desacato civil *"con la resultante reclusión carcelaria del alimentante deudor que sea hallado incurso en desacato ... como medida efectiva para hacer valer [el derecho a alimentos]."* 8 L.P.R.A. sec. 529. ▮

En estos casos, el remedio de apremio está disponible, por la importancia social de la obligación. Según ha explicado el Tribunal Supremo de Puerto Rico:

*"La determinación de lo que constituye una "deuda" para los fines del Art. II, Sec. 11 de la Constitución, ..., no es un ejercicio en puro razonamiento abstracto. La tabla de valores de la comunidad concernida es la que provee la clave. Si una obligación privada tiene un carácter tan acentuado de deber social que lo segundo ahoga o sobrepasa lo primero, como en el caso de las pensiones alimenticias, la vía del apremio personal puede estar disponible."*

*Viajes Lesana, Inc. v. Savavedra*, 115 D.P.R. a la pág. 710.

En este tipo de situación, se puede ordenar el encarcelamiento del obligado por tiempo indefinido, *E.L.A. v. Asoc. de Auditores,* 147 D.P.R. a la pág. 683; *Pérez v. Espinosa*, 75 D.P.R. 777, 781 (1954). No obstante, la prisión debe descontinuarse cuando está claro que no habrá de producir el cumplimiento deseado, por ejemplo, cuando ha transcurrido un término suficientemente largo de tiempo que permita al Tribunal concluir que sería fútil mantener al obligado en prisión. *Srio D.A.C.O. v. Comunidad San José, Inc.,* 130 D.P.R. a la pág. 805 esc. 8; *Espinosa v. Ramírez, Alcaide de Cárcel,* 72 D.P.R. 901, 908 (1951). ▮

El Tribunal Supremo de Puerto Rico ha aclarado, en este sentido, que *"aun en los casos de alimentos existen situaciones en que la prohibición constitucional prevalecerá; en esas situaciones, el desacato civil ha perdido su razón de ser y la balanza de intereses se inclina a favor de la prohibición constitucional."* *Srio D.A. C.O. v. Comunidad San José, Inc.,* 130 D.P.R. a la pág. 805.

El peso de la prueba para lo anterior corresponde al obligado. *Srio D.A.C.O. v. Comunidad San José, Inc.,* 130 D.P.R. a la pág. 805.

En el presente caso, según hemos visto, el Tribunal de Primera Instancia entendió que la deuda en cuestión no justificaba el empleo del apremio y la imposición de prisión contra el recurrido, porque la obligación cuyo cumplimiento se reclama es la de proveer alimentos concedidos entre ex cónyuges.

La pensión a favor de la peticionaria concedida por el Tribunal tiene su base en el Art. 109 del Código Civil de Puerto Rico, 31 L.P.R.A., sec. 385 (Supl. 2005). Dicho precepto dispone, en su parte pertinente, que:

*"Si decretado el divorcio ... cualesquiera de los ex cónyuges no cuenta con suficientes medios para vivir, el Tribunal de Primera Instancia podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge."*

31 L.P.R.A. sec. 385 (Supl. 2005).

El artículo añade que al conceder los alimentos, el tribunal considerará, entre otras, las siguientes circunstancias: (1) los acuerdos a que hubiesen llegado los ex cónyuges; (2) la edad y el estado de salud; (3) la cualificación profesional y las probabilidades de acceso a un empleo; (4) la dedicación pasada y futura a la familia; (5) la colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge; (6) la duración del matrimonio y de la convivencia conyugal; (7) el caudal y medios económicos y las necesidades de uno y otro cónyuge; y (8) cualquier otro factor que considere apropiado dentro de las circunstancias del caso. 31 L.P.R.A. sec. 385 (Supl. 2005); *Morales v. Jaime*, 166 D.P.R. ___ (2005), **2005 J.T.S. 179**, a las págs. 506-509; *Cantellops v. Cautiño Bird*, 146 D.P.R. 791, 800-801 (1998); *Díaz v. Alcalá,* 140 D.P.R. 959, 977-982 (1996); *Magee v. Alberro*, 126 D.P.R. 228, 235-236 (1990); *Toppel v. Toppel*, 114, D.P.R. 16, 19 (1983); *Milán Rodríguez v. Muñoz,* 110 D.P.R. 610, 612-614 (1981).

Al igual que sucede con las pensiones alimentarias a favor de los menores, el Tribunal Supremo de Puerto Rico ha expresado que la obligación de proveer alimentos a un ex cónyuge está investida del *"mayor interés público." Morales v. Jaime*, **2005 J.T.S. 179**, a las pág. 502; *Cantellops v. Cautiño Bird*, 146 D.P.R. a la pág. 801; *González v. Suárez Milán*, 131 D.P.R. 296, 301 (1992), *Milán Rodríguez v. Muñoz*, 110 D.P.R. a la pág. 613.

Se trata, no de una deuda privada que surge de los acuerdos entre las partes, sino de un deber jurídico de mutuo socorro impuesta por la ley, cuando los ex-cónyuges no cuentan con los medios necesarios para subsistir. *Soto López v. Colón*, 143 D.P.R. 282, 288 (1997). Es un deber *"altamente social, que no depende de la voluntad del que le tiene, sino que se impone ... como una de las condiciones necesarias de la vida progresiva de la humanidad." Morales v. Jaime*, **2005 J.T.S. 179**, a la págs. 502; *González v. Suárez Milán*, 131 D.P.R. a la pág. 301.

Como tal, depende principalmente de la existencia de una situación de necesidad económica por parte del alimentista. *Morales v. Jaime*, **2005 J.T.S. 179**, a la págs. 509; *Cantellops v. Cautiño Bird,* 146 D.P.R. a la pág. 801; *Soto López v. Colón*, 143 D.P.R. a la pág. 288; *Toppel v. Toppel,* 114, D.P.R. a la pág. 19.

En la situación de autos, el Tribunal de Primera Instancia concluyó que la obligación de proveer alimentos entre personas adultas no podía dar lugar, en ningún caso, al empleo de la vía de apremio, por no estar revestidas del mismo interés que las pensiones de menores de edad. No estamos de acuerdo.

Lo cierto es que tanto la pensión de ex cónyuges como la pensión a favor de los menores se fundan en consideraciones similares de preservar el derecho a la vida de personas que se encuentran en un estado de necesidad. De acuerdo a la postura asumida por el Tribunal de Primera Instancia, una persona anciana o enferma que requiera de alimentos para poder sobrevivir no podría reclamar el cumplimiento de dicha obligación social mediante la vía de apremio ni a través del encarcelamiento por desacato civil del obligado; cf., 8 L.P.R.A. sec. 341 y ss. (Carta de Derechos de la Persona de Edad Avanzada).

La distinción propuesta por el Tribunal de Primera Instancia posiblemente también menoscabaría la eficacia de las pensiones impuestas a favor de los menores cuando la obligación se extiende luego de que el menor hubiera arribado a la mayoría de edad, por hallarse cursando estudios universitarios. Cf., *Argüello v. Argüello*, 155 D.P.R. 62, 71 (2001); *Key Nieves v. Oyola Nieves,* 116 D.P.R. 261, 266 (1985); *Guadalupe Viera v. Morell*, 115 D.P.R. a la pág. 14. A diferencia del Tribunal de Primera Instancia, sin embargo, no pensamos que quepa descartar el uso de la prisión por desacato civil en todos los casos de pensiones entre adultos.

En la situación de autos, el Tribunal de Primera Instancia determinó que, de su faz, la peticionaria no podía reclamar el cumplimiento de su obligación mediante la vía de apremio y de desacato civil y le negó todo remedio a dicha parte. Creemos que dicha actuación fue errónea. Al devolver el caso al Tribunal de Primera Instancia, éste podrá determinar si existe alguna circunstancia particular que haga inapropiado el empleo de la

vía de apremio para que la peticionaria pueda cobrar la pensión que se le adeuda. En esas circunstancias, el Tribunal procederá a emitir el remedio alternativo que resulte procedente.

Por los fundamentos expresados, se expide el auto y se revoca la resolución recurrida. Se devolverá el caso al Tribunal de Primera Instancia para procedimientos consistentes con esta sentencia.

Lo pronunció y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones

## ESCOLIOS 2006 DTA 86

**1.** El incumplimiento con una orden judicial también puede ser castigado criminalmente, como una infracción al Art. 284 del Código Penal de Puerto Rico, véanse, además, 33 L.P.R.A. sec. 4431; 33 L.P.R.A. secs. 517-519; 34 L.P.R.A. Ap. II, R. 242.

El Tribunal Supremo de Puerto Rico ha aclarado que para distinguir entre el desacato civil y el desacato criminal, debe atenderse al propósito que se persigue. Si el propósito es remedial y lo que se busca es lograr el cumplimiento prospectivo de una orden judicial que beneficia a una parte, el desacato es **civil**. Si el propósito es punitivo y lo que se persigue es castigar retroactivamente a la persona por conducta pasada, el desacato es **criminal. Pres. del Senado**, 148 D.P.R. 737, 764 (1999); *E.L.A. v. Asoc. de Auditores*, 147 D.P.R. a la pág. 683; *Srio. D.A.C.O. v. Comunidad San José, Inc.,* 130 D.P. R. 782, 804 (1992); *Pueblo v. Lamberty*, 112 D.P.R. a la pág. 81; *Dubón v. Casanova*, 65 D.P.R. 835, 844 (1946).

**2.** El incumplimiento con el pago de una pensión alimentaria a favor de un menor también puede ser penalizado como un desacato criminal. *Guzmán Vega v. Piñeiro Piñeiro*, 91 D.P.R. 704, 706 (1965); 8 L.P.R.A. sec. 529. Este tipo de conducta también se halla tipificada como delito; *Pueblo v. Maisonave Rodríguez*, 129 D.P.R. 49, 66 (1991); *Charana v. Pueblo*, 109 D.P.R. 641, 654-655 (1980).

El Art. 138 del Código Penal de Puerto Rico establece que:

*"Toda persona que, sin excusa legal, deje de cumplir con la obligación que le impone la ley o el tribunal de proveer alimentos a otra persona, sea su cónyuge, ascendiente o descendiente mayor de edad, incurrirá en delito menos grave."*

Véase, además, 33 L.P.R.A. sec. 4241.

**3.** El Tribunal Supremo de Puerto Rico también ha señalado que los jueces deben ser cautelosos al ordenar la prisión de un obligado para compelerle al pago de deudas viejas y atrasos, particularmente si ha estado cumpliendo con su obligación alimenticia y no existe necesidad inmediata del menor que deba ser atendida con la deuda que se reclama. En estos casos, debe preferiblemente concederse un plan de pago al alimentante, siempre que ello sea plausible y no existan indicios de que ha actuado contumazmente para incumplir con las órdenes del Tribunal. *Rodríguez Avilés v. Rodríguez Beruff*, 117 D. P.R. a la pág. 628; *Sosa Rodríguez v. Rivas Santiago,* 105 D.P.R. a la pág. 521; véase, además, La Orden Administrativa Núm. OA2001-2 emitida el 14 de febrero de 2001 por el Juez Presidente del Tribunal Supremo de Puerto Rico.