CARBALLO, PETICIONARIO, v. ROSSY, JUEZ DE DISTRITO, DEMANDADO.

RECURSO de *certiorari* contra el Hon. Jesús Ma. Rossy, Juez de la Corte de Distrito de San Juan, Sección Segunda, en pleito de divorcio.

No. 264.—Resuelto en diciembre 16, 1919.

DIVORCIO—COSTAS Y HONORARIOS DE ABOGADO DE LA ESPOSA—LITIS EXPENSAS.—Siendo obligación del esposo el suministrar *litis expensas* a su esposa cuando la ha demandado en divorcio, no es errónea una orden dictada por la corte a petición de la demandada decretando la suspensión de todo procedimiento en el pleito hasta tanto el demandante depositara en la secretaría la suma de $75 para pago de costas y honorarios del abogado de la demandada.

SEÑALAMIENTO DE VISTA DE UNA MOCIÓN SOBRE LITIS EXPENSAS—ERROR QUE NO CAUSA DAÑOS IRREPARABLES.—Si bien teniendo en cuenta el artículo 317 del Código de Enjuiciamiento Civil, constituye error de procedimiento por parte de la corte el resolver una moción de *litis expensas* sin oir a la parte contraria, como ese error no ha causado perjuicios irreparables al peticionario, no es de corregirse mediante recurso de *certiorari*.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Adrián Agosto*.

El juez demandado no compareció.

El abogado Antonio Trujillo compareció a la vista representando a la demandada en el pleito de divorcio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Están sometidos a nuestra revisión los autos del caso de divorcio seguido en la Corte de Distrito de San Juan, Sección Segunda, entre José Carballo y María Martínez, elevados originales a esta Corte Suprema en virtud de recurso de *certiorari* interpuesto por el demandante contra el juez de dicha corte, Hon. Jesús María Rossy, para que se anule

la resolución que dictó en 7 de agosto del corriente año sobre moción de *litis expensas* presentada por la demandada.

El auto de *certiorari* fué librado en 10 de noviembre próximo pasado.

De los autos originales resulta que el demandante presentó demanda de divorcio contra la demandada por trato cruel e injurias graves en marzo 7, 1919; que la demandada contestó la demanda negando general y específicamente todos y cada uno de los hechos de la misma; que en 7 de agosto de 1919 la demandada presentó moción notificada el día anterior al demandante, para que la corte le ordenara depositara dentro del término de 10 días las costas de la acción y una cantidad razonable para honorarios de abogados; que esa moción fué resuelta por orden del mismo día 7 de agosto decretando la suspensión de todo procedimiento en el caso hasta tanto el demandante depositara en la secretaría de la corte la suma de $75 en concepto de *litis expensas;* que de la anterior resolución solicitó reconsideración el demandante por haber sido dictada sin audiencia suya y sin práctica de pruebas, por haberse seguido un procedimiento en contra de la ley y por no aparecer de la demanda ni de la contestación, ni de la moción de *litis expensas* que haya bienes de la sociedad de gananciales existente aun entre las partes demandante y demandada; y que la corte declaró sin lugar la moción de reconsideración por orden de 30 de septiembre, dejando subsistente la orden que había dictado en 7 de agosto anterior.

La orden de 7 de agosto de 1919 a que se contrae el presente recurso envuelve en su esencia un señalamiento de $75 que el demandante debe consignar en concepto de *litis expensas* para la defensa de la demandada en el pleito de divorcio contra ella iniciado, y tal orden está autorizada por el artículo 168 del Código Civil, preceptivo de que si la mujer no contase con suficientes recursos propios para vivir durante el juicio, la corte de distrito ordenará al marido que

le pase una pensión alimenticia en proporción a los bienes de éste.

Los honorarios de abogado en el pleito, como ya dijimos al resolver el caso de *Wolkers* v. *Masson,* 26 D. P. R. 188, son parte de la manutención de la mujer o cuando menos muy similares a la manutención. 14 Cyc. 751. No puede negarse en principio la obligación del esposo a suministrar *litis expensas* a la esposa en pleito de divorcio iniciado contra ella, y la mera existencia del pleito es causa bastante para tal medida. La cuantía del señalamiento está sujeta a la discreción judicial.

Ciertamente que en el presente caso se cometió error de procedimiento con infracción del artículo 317 del Código de Enjuiciamiento Civil dejando de oir la moción en día oportuno, pero ese error, en un caso como el presente, no ha causado perjuicios irreparables al demandante, pues la resolución de 7 de agosto puede ser enmendada por el tribunal si así lo exigieren las circunstancias del caso mediante moción en que alegue cuanto a su derecho incumba y cuanto hubiera podido alegar al discutirse la moción para señalamiento de *litis expensas.*

Cuando el auto de *certiorari* se usa para corregir los procedimientos de una corte inferior, no es de procedencia obligatoria (*writ of right*), sino que debe expedirse sólo cuando se demuestra a la corte una causa especial para ello, y la corte está investida de discreción judicial en cada caso. *Marrero* v. *Bryan, Juez Municipal,* 26 D. P. R. 430.

Atendidas las circunstancias del caso, es de anularse el auto de *certiorari* expedido, devolviéndose a la Corte de Distrito de San Juan, Sección Segunda, el pleito original elevado, a los fines procedentes.

*Anulado el auto de* certiorari *expedido y devueltos los autos originales.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no toma-
ron parte en la resolución de este caso.