MARÍA TERESA QUIÑONES MAYORAL, peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. JESÚS A. GONZÁLEZ, JUEZ, y RAMÓN SÁRRAGA, demandados.

Núm. 1159.—*Sometido:* Enero 23, 1939. *Resuelto:* Enero 30, 1939.

*García Méndez & García Méndez y Angel G. Hermida,* abogados de la peticionaria; *José López Baralt,* abogado del recurrido Sr. Sárraga.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Se trata de una petición de *certiorari* radicada por la esposa demandada en un pleito de divorcio por la causal de abandono, para que revisemos y modifiquemos una resolución de la Corte de Distrito de San Juan negándose a conceder a dicha demandada ciertas cantidades que ella alega le son necesarias para sus alimentos y para su defensa en el pleito de divorcio, la vista del cual está señalada para el día 6 de febrero de 1939.

De los autos originales del pleito civil núm. 29,444, remitidos a esta corte en obediencia al mandamiento por ella expedido, aparecen los siguientes hechos:

El día 13 de mayo de 1938 Ramón Sárraga, esposo de la aquí peticionaria, radicó demanda de divorcio ante la Corte de Distrito de San Juan, alegando que desde hacía más de un año su esposa le había abandonado.

En 13 de octubre del mismo año la demandada presentó una moción sobre *litis expensas* y alimentos provisionales, en la que alegó tener una buena y meritoria defensa; que la demandada es insolvente y carece de toda clase de bienes; que el demandante ha tenido entradas mensuales en exceso de $200 y que según su leal saber y entender tenía aún tales entradas; y terminó pidiendo se ordene al demandante a pasar a la demandada $75 mensuales para sus gastos, más $300 para pago de honorarios de sus abogados; y que ínterin se cumpla dicha orden no se dé curso a ninguna de las alegaciones del demandante ni se continúe la tramitación del litigio.

En oposición a dicha moción sobre *litis expensas* y alimentos provisionales, alegó el demandante que él es insolvente y no tiene bienes ni propiedades para satisfacer la petición de la demandada; que hacía ya tres meses que cesó en su empleo como pagador de Puerto Rico y no ha percibido sueldo alguno desde ese momento; que él no tiene profesión alguna que lo habilite para tener entradas regulares; que en el presente no tiene empleo u ocupación alguna; que su situación actual es precaria, no teniendo con qué satisfacer sus gastos de alojamiento y comidas durante los últimos meses; que la demandada no está desamparada, pues vive en casa de familiares solventes y bien acomodados; que la suma que se pide para honorarios de abogado es irrazonable; y que siendo la demandada culpable de abandono, no procede en derecho la concesión de alimentos y honorarios.

En su resolución de 2 de diciembre de 1938, después de exponer los hechos, la corte inferior se expresó así:

"En la vista sobre la moción, la demandada se limitó a declarar que necesitaba la pensión alimenticia reclamada, pero no probó de manera o forma alguna que el demandante tuviera bienes de fortuna o tuviera entradas.

"El demandante declaró ser insolvente, estar desempleado desde hace más de tres o cuatro meses, no tener profesión alguna y no recibir rentas, emolumentos o beneficios de clase alguna. Estas manifestaciones fueron corroboradas por el Lic. Wilson P. Colberg quien a nombre del demandante lleva un pleito contra el Tesorero para que se le reponga en su puesto de Pagador Oficial de El Pueblo de Puerto Rico, quien dijo que Sárraga no le había podido pagar sus honorarios habiendo tenido el declarante que sufragar parte de las costas a los efectos de entablar la acción; y por el Sr. Tulla, en cuya casa vive el Sr. Sárraga, quien manifestó que durante los últimos tres meses éste no le ha podido satisfacer el importe de su cuarto y comidas.

"La Corte de consiguiente llega a la conclusión de que el demandante no está en condiciones económicas de proveer de alimentos provisionales a la demandada ni de pagarle suma alguna en concepto de 'litis expensas' en la actualidad.

"Convenimos con la parte demandante en que el Artículo 100 del Código Civil, ed. 1930, que dispone:

" 'Si la mujer no contase con suficientes recursos propios para vivir durante el juicio, la corte de distrito ordenará al marido que le pase una pensión alimenticia en proporción a los bienes.de éste,' le da derecho a la mujer a la pensión si el marido tiene bienes o recibe emolumentos por concepto de empleo o profesión. En otras palabras, si el marido es insolvente, no puede cumplirse el precepto legal."

Admitiendo como hechos probados la insolvencia actual de una y otra parte litigante, arguyen los representantes de la esposa demandada y aquí peticionaria, que de acuerdo con la ley y la jurisprudencia por ellos citadas la acción de divorcio debe quedar en suspenso hasta que el esposo demandante pague los alimentos y honorarios que a su juicio debió conceder y erróneamente no concedió la corte inferior.

Pasemos a considerar y resolver las únicas dos cuestiones envueltas en este procedimiento.

■■ ¿Erró la corte inferior al negarse a ordenar al demandante que pagase a la demandada las sumas pedidas por ésta?

Es cierto que el artículo 100 del Código Civil, ed. 1930, dispone que cuando la mujer demandada en acción de divorcio no contase con suficientes recursos propios para vivir durante el juicio, la corte de distrito *ordenará* al marido que le pase una pensión alimenticia; pero no es menos cierto que esa disposición, al parecer imperativa y mandatoria, está condicionada por el requisito adicional del mismo artículo al efecto de que la pensión decretada por la corte debe ser en proporción de los bienes o medios del marido.

Después de un cuidadoso estudio del dicho artículo, opinamos que cuando después de practicar una investigación y de oír prueba sobre la situación económica del marido, el juez de distrito llega a la conclusión de que a su juicio aquél es insolvente, que carece de empleo y de bienes de fortuna y que su situación no le permite pasar cantidad alguna a su esposa durante la pendencia del pleito de divorcio, no comete error

el juez sentenciador al negarse a dictar una orden imponiendo al marido insolvente la obligación de pagar alimentos y *litis expensas*. ¿A qué fin práctico conduciría el dictar una orden de tal naturaleza, a sabiendas de que no habría de ser cumplida por el estado de insolvencia absoluta de la persona llamada a obedecerla? Las máximas *impossibilium nulla obligatio est* e *impotentia excusat legem* son aplicables al presente caso.

La resolución recurrida, supra, demuestra que la corte inferior actuó de acuerdo con la regla que acabamos de enunciar, oyendo la prueba aducida por una y otra parte en cuanto a la solvencia o insolvencia del esposo demandante. Si la corte inferior erró o no erró al apreciar la evidencia, es cuestión que aún cuando hubiese sido debidamente levantada por la peticionaria, no podría ser considerada dentro de este procedimiento de *certiorari*.

No hubo, pues, error en la denegación de la moción sobre alimentos, y *litis expensas*.

■ ¿Erró la corte de distrito al negarse a decretar la suspensión del procedimiento de divorcio hasta que el demandante pague o esté en condiciones de poder pagar los alimentos y honorarios pedidos por la demandada?

La parte recurrente no ha llamado nuestra atención hacia precepto legal alguno que ordene o jurisprudencia que obligue a la corte de distrito a suspender el procedimiento de divorcio hasta que el marido demandante e insolvente se encuentre en condiciones de poder cumplir la obligación de pasar alimentos y *litis expensas* a la esposa demandada.

En el caso de *Carballo* v. *Rossy*, 27 D.P.R. 937, citado repetidas veces por la representación de la peticionaria, esta corte sostuvo que no era errónea una orden de la corte de distrito por la que se suspendieron todos los procedimientos en el pleito de divorcio hasta que el marido depositase en la secretaría de la corte la suma fijada por la corte para *litis expensas*. El caso no es en realidad aplicable al de autos. En él no se levantó en momento alguno la defensa de insol-

vencia del marido; y lo único que se resolvió fué que la corte de distrito está autorizada por el artículo 168 del Código Civil (ed. 1902) para conceder a la esposa demandada *litis expensas* y para suspender el procedimiento hasta que la orden sea cumplida.

En *Criado* v. *Sepúlveda*, 48 D.P.R. 1003, este Tribunal Supremo, al negarse a expedir un auto de *mandamus* dirigido a un juez de distrito para ordenarle procediera a tramitar un pleito de divorcio que había sido suspendido hasta que el marido demandante pagase los alimentos y honorarios fijados por dicho juez, reconoció y sostuvo la facultad del tribunal inferior para dictar tal orden de suspensión. Empero, del examen que hemos hecho de los autos de dicho caso resulta que allí tampoco se alegó la insolvencia del marido.

En *Manrique de Lara* v. *Garrosi*, 23 D.P.R. 408, esta corte sostuvo que para que pueda darse aplicación al artículo 168 del Código Civil de 1902, equivalente al 100 edición de 1930, son requisitos esenciales: (*a*) que haya pendiente un pleito de divorcio; (*b*) que la mujer no cuente con suficientes recursos propios; y (*c*) que el marido tenga bienes.

La jurisprudencia citada por la peticionaria (1 Cal. Jur. pág. 988, sec. 42 y 62 A.L.R. 664) reconoce la facultad discrecional de la corte ante la cual pende un caso de divorcio para decretar la suspensión de los procedimientos hasta que el marido haga los pagos decretados por la corte; y en algunos de los casos citados se sostiene que la pobreza o penuria del marido o la incapacidad de éste para ganar dinero no le excusará del cumplimiento de la orden.

No nos sentimos obligados a seguir esa jurisprudencia. Creemos que es más humano, cuando se ha probado a satisfacción del tribunal inferior la insolvencia, la incapacidad para ganar dinero y la imposibilidad de encontrar empleo lucrativo por parte del marido, permitir a éste la continuación de su pleito de divorcio, en vez de privarle de su dere-

cho a disolver el vínculo matrimonial que le une a una mujer que hubiere podido dar motivos para tal disolución.

Declarado judicialmente el estado de penuria e insolvencia del marido, debemos resolver que no cometió error la corte inferior al negarse a decretar la suspensión de los procedimientos.

*Por las razones expuestas debe anularse el auto expedido y devolverse el caso a la corte inferior, sin perjuicio del derecho de la esposa demandada a renovar su petición de alimentos y* litis expensas *cuando las circunstancias lo justificaren.*