NEMESIO RIVERA, demandante y apelante, *v.* ANA MARÍA TORRES, demandada y apelada.

Núm. 8044.—*Sometido:* Abril 19, 1940. *Resuelto:* Abril 26, 1940.

*Adolfo García Veve,* abogado del apelante; *L. Mendín Sabat,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En el pleito de divorcio pendiente entre las partes, la esposa demandada radicó una moción en la que pedía se ordenase al esposo demandante que le pasara durante la pendencia del pleito una pensión alimenticia de $30 mensuales y que pagara $50 para honorarios de abogado. En oposición alegó el demandante que él gana un sueldo de $12 mensuales como dependiente de comercio, y que no obstante su precaria situación le ha venido pasando a su esposa e hija un dólar semanal, atendiendo además a los gastos de vestuario y medicinas de la hija.

Del récord ante nos no aparece que se celebrara vista alguna con el fin de determinar la suma que el esposo demandante podía y debía pasar a la esposa para alimentos. En septiembre 8, 1938, la Corte de Distrito de Humacao dictó una resolución ordenando al demandante a pagar a la demandada una pensión alimenticia de $15 mensuales *pendente lite* y a depositar en secretaría $50 para honorarios, con apercibimiento de que la desobediencia a dicha orden sería castigada como desacato y causaría la suspensión de los procedimientos sobre divorcio. El 19 de septiembre, 1938, solicitó el demandante que se redujera la pensión a $8 mensuales, y que se fijaran los honorarios en una suma en armonía con la difícil situación económica del demandante. En noviembre 4, 1938, la corte inferior dictó una nueva resolución reduciendo la pensión a $10 mensuales y dejando en pie la resolución anterior en cuanto a honorarios.

En abril 28, 1939, habiéndose quejado la demandada de que el demandante había depositado solamente $4 a cuenta de la pensión vencida el 19 de ese mismo mes, la corte citó al demandante para que compareciese a exponer las razones por las cuales no deba ser castigado por desacato. Compareció el demandante y declaró que hacía ocho o diez meses que no trabajaba; que su ocupación es la de dependiente y cuando trabaja gana doce o quince dólares mensuales; que ha tratado de conseguir colocación pero no lo ha logrado; que durante seis u ocho meses pudo pasarle a su esposa la suma ordenada por la corte porque su padre estaba trabajando y él le daba el dinero para pagarlo; que su padre trabajaba en la P.R.R.A., pero hacía como dos meses que no trabajaba; que no tiene propiedades; que vive en casa de sus padres; que su padre le viste y calza; que los $4 que trajo a la corte los tomó prestados; que está deseoso de cumplir con la orden de la corte, pero le es imposible hacerlo. Declaró el padre del demandante corroborando en todas sus partes lo declarado por el hijo. Preguntada la demandada si deseaba decir algo se limitó a decir que el demandante

decía que no estaba trabajando para que no le obligaran a pagar la pensión, pero que en realidad estaba trabajando, sin decir dónde trabajaba.

La corte inferior declaró al acusado culpable de desacato y le condenó a una multa de $5 o a prisión subsidiaria. El demandante interpuso el presente recurso de apelación, alegando que no existe prueba alguna que justifique la sentencia recurrida.

Tiene razón el apelante. La prueba demuestra claramente que él no estaba en condiciones económicas para poder proveer de alimentos a la demandada, ni para pagarle suma alguna para honorarios de abogado. La doctrina sentada en el caso de *Quiñones* v. *Corte y Sárraga,* 54 D.P.R. 189, es aplicable al cáso de autos. La probada imposibilidad económica del apelante para cumplir lo ordenado por la corte debió ser razón suficiente, como lo es a nuestro juicio, para que se le exonerase del cargo de desacato por el cual fué condenado.

*Debe revocarse la sentencia recurrida, sin perjuicio del derecho de la esposa demandada a renovar su petición si la situación económica del esposo demandante mejorase.*