MARÍA MUNET, demandante y apelante, *v.* FEDERICO RAMOS ANTONINI, demandado y apelado.

Núm. 9768.—*Sometido:* Noviembre 1, 1948. *Resuelto:* Noviembre 16, 1948.

354

*Fernando Pérez Rejis,* abogado de la apelante; *R. Hernández Matos,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La corte de distrito dictó resolución contra Federico Ramos Antonini ordenándole le pasara $75 mensuales a su esposa para alimentos. El 27 de diciembre de 1946 la esposa radicó una moción solicitando que se citara a su esposo demandado para que mostrara las causas por las cuales no debía ser condenado por desacato al no cumplir con los pagos correspondientes a los meses de octubre, noviembre y diciembre de 1946. La orden para mostrar causa fué dictada el 13 de febrero de 1947 y se celebró una vista el 28 del mismo mes. El 11 de marzo de 1947 la corte inferior dictó resolución declarando sin lugar la moción sobre desacato del esposo; el 2 de junio de 1947 declaró sin lugar una moción de reconsideración. De estas dos últimas resoluciones la esposa ha establecido recurso de apelación.

Sostiene la apelante, entre otras cosas, que la corte de distrito cometió manifiesto error al apreciar la prueba. La corte inferior halló probado que "El demandado devenga como empleado del Gobierno Insular, un sueldo de $317 mensuales. De dicha suma debe satisfacer las siguientes obligaciones mensuales: $85 a la Asociación

de Empleados del Gobierno Insular; $30 a su señora madre; $45 para gastos personales de almuerzo y transportación a, y desde, su trabajo; $83 a varios hijos; $50 a un hijo estudiante en Méjico. Está obligado, además, a pagar intereses y a amortizar deudas incurridas con motivo de enfermedades y estudios de sus hijos y a atender a sus demás gastos y necesidades personales." El récord contiene suficiente evidencia para hallar probados los hechos que preceden. En su consecuencia los aceptamos. Sin embargo, no podemos convenir con la conclusión a que llegó la corte de distrito en relación con estos hechos.

La posición asumida por la corte inferior fué que "El demandado ha estado imposibilitado de satisfacer a la demandante las pensiones alimenticias atrasadas por carecer de dinero efectivo con que satisfacerlas y no serle suficiente el sueldo que recibe para atender a todas sus necesidades ya que para atenderlas ha tenido que incurrir en deudas por la suma de $2,000." Sigue diciendo la corte que "Hemos encontrado enteramente satisfactoria la explicación que ha dado el demandado de su imposibilidad de pagar las pensiones alimenticias . . . ". Por consiguiente resolvió que el demandado no había voluntaria y obstinadamente desobedecido su sentencia y no había cometido el desacato imputádole.

En apoyo de este resultado, la corte de distrito citó nuestro lenguaje en el caso de *Villa* v. *Corte*, 45 D.P.R. 879, 900, al efecto de que " . . . no debe encarcelarse a una persona condenada al pago de alimentos a menos que se demuestre una voluntaria y obstinada desobediencia a las órdenes de la corte. Si el cónyuge obligado por la sentencia demuestra que no puede pagar y ofrece una excusa justa y razonable, la corte debe exonerarle de toda culpa, ya que sus actos no revelan desobediencia al mandato judicial." También descansó la corte en lo que resolvimos en *Rivera* v. *Torres*, 56 D.P.R. 583, con respecto a que cuando la condición económica de un esposo es tal que no le permite cumplir una or-

den de alimentos, no se le puede castigar por desacato por dejar de cumplirla. Véase también, *Quiñones* v. *Corte,* 54 D.P.R. 189.

Pero en el caso de *Torres* los hechos eran que el esposo no tenía fondos o fuente de ingreso alguna. Por tanto estaba imposibilitado de dar cumplimiento a la orden de la corte. De igual manera, el lenguaje citado del caso de *Villa* incluye la afirmación de que " . . . el cónyuge obligado por la sentencia demuestra que no puede pagar . . . ". Aquí los hechos son diferentes. El esposo admite que tiene un ingreso sustancial. Su única excusa es que sus otros gastos, aun sin contar los alimentos de su esposa, sobrepasan sus ingresos. Aceptando como cierta dicha contención, no es suficiente, por sí sola, para exonerarlo por no cumplir con la orden de la corte. La resolución ordenándole el pago de $75 mensuales fué dictada en 1944. El demandado no ha hecho esfuerzo alguno para obtener la reducción de la cantidad por el fundamento de que la suma era en exceso de lo que podía pagar. Y lo más importante del asunto es que no distribuyó proporcionalmente sus ingresos entre sus dependientes, incluyendo a su esposa, durante los meses en cuestión. Por el contrario, sin acudir a la corte inferior, el demandado aparentemente dió por sentado que como no percibía suficientes ingresos para hacer frente a todas sus obligaciones, tenía derecho por sí mismo a dedicar sus ingresos a pagar otras obligaciones y dejar a su esposa huérfana de ayuda durante más de tres meses, sin ayudarla en lo más mínimo. Convenimos con la corte de distrito que el dejar de efectuar un pago a tenor con una orden de alimentos, no exige automáticamente que se declare al demandado incurso en desacato. Pero bajo los hechos que encontró probados la corte inferior y la doctrina establecida en nuestros casos, resolvemos que el demandado en este caso deliberadamente infringió la orden de la corte y en su consecuencia era culpable de desacato.

■ Resta tan sólo el problema de la sentencia a ser dictada contra el demandado. "El sentido común reconocería que esa conducta puede equivaler tanto a un desacato civil como a uno criminal. Los mismos actos pueden justificar a una corte a recurrir a medidas coercitivas y punitivas. El disponer de ambos aspectos del desacato en un solo procedimiento parece ser a lo menos una práctica conveniente." *United States* v. *United Mine Workers of America,* 330 U. S. 258, 298-99. Si el desacato criminal y el civil son vistos conjuntamente, deben otorgarse al demandado todas las protecciones que se conceden en un caso criminal. Id., págs. 298-300.

Hasta donde sabemos, el demandado durante el juicio tuvo el beneficio de todas las protecciones que se le conceden a los acusados en procedimientos criminales. Por tanto, la corte inferior estaba en libertad de condenar al demandado por desacato criminal o civil, o ambos. Frecuentemente la resolución más efectiva en los casos de alimentos es declarar al demandado incurso en desacato civil y ordenar la encarcelación indefinida hasta que éste cumpla con la orden. *Dubón* v. *Casanova,* 65 D.P.R. 835; *Germán* v. *Corte,* 63 D.P.R. 612. Quizá ésta fué la sentencia que debió pronunciarse en este caso. Pero debido al tiempo transcurrido, la necesidad del demandado de distribuir sus ingresos entre sus dependientes, incluyendo su esposa, y todas las otras circunstancias concurrentes, creemos aconsejable, en vez de dictar nuestra propia sentencia, devolver el caso a la corte de distrito, que oyó la evidencia, para que ésta dicte la sentencia adecuada por desacato civil o criminal, o por ambos. Corresponde a dicha corte determinar en primera instancia cuál es el mejor curso a seguir en este momento.

*La resolución de la corte de distrito será revocada y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*