CRESCENCIO ESPINOSA, peticionario, *v.* CASTO RAMÍREZ, ALCAIDE DE LA CÁRCEL DE DISTRITO DE HUMACAO, demandado.

Núm. 495.—*Sometido:* Diciembre 6, 1951.  *Resuelto:* Diciembre 17, 1951.

*Santos P. Amadeo, Rafael V. Pérez Marchand, Cruz Ortiz Stella, Juan Hernández Vallés, Agustín Pérez Rodríguez* y *Juan Marcano Ortiz,* abogados del peticionario; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

En un nuevo recurso de hábeas corpus iniciado ante este Tribunal, Crescencio Espinosa alega que está ilegalmente privado de su libertad porque la sentencia en virtud de la cual se le tiene preso, dictada en procedimiento de desacato— y por la que se ordenó su encarcelación por término indefinido, hasta que cumpliera con la sentencia que le condenó a pasar a su alegada hija natural Ruth Pérez la cantidad de $5 semanales por concepto de alimentos reclamados en pleito civil—es nula e ineficaz y fué dictada sin jurisdicción (1) porque la misma impone un castigo cruel e inusitado, en violación del artículo 2 apartado 12, de nuestra Ley Orgánica, y de la Enmienda VIII de la Constitución de Estados Unidos y (2) por no haber agotado la corte sentenciadora otros remedios adecuados en ley para hacer cumplir la orden desobedecida, antes de ordenar su encarcelación indefinida.

Los antecedentes del presente caso aparecen explícitamente en nuestra decisión de *Espinosa* v. *Ramírez, Alcaide de Cárcel,* 71 D.P.R. 10: Espinosa fué condenado por la Corte de Distrito de Humacao el 31 de mayo de 1949, en pleito civil sobre reclamación de alimentos, a pasar a su alegada hija natural Ruth Pérez la cantidad de $5 semanales. El demandado se negó a cumplir la sentencia y a instancias

de la demandante, madre de la menor, fué citado para que mostrase causas por las cuales no debía ser castigado por desacato. Practicada la prueba de la demandante el demandado manifestó que no presentaría evidencia y que no había depositado ni pensaba depositar las pensiones alimenticias adeudadas. En vista de ello, la corte lo declaró incurso en desacato civil y lo sentenció el 1 de agosto de 1949, a reclusión en la cárcel de distrito por tiempo indefinido hasta que cumpliera con la sentencia en el pleito de alimentos.

El 8 de agosto de 1951, luego de gestiones previas infructuosas para lograr su excarcelación, el Tribunal de Distrito de Puerto Rico, Sección de Humacao, declaró con lugar un recurso de hábeas corpus instado por el peticionario, por el fundamento de que el mandamiento de prisión en virtud del cual fué encarcelado había sido firmado por el secretario del tribunal y no por el juez, según requiere la ley. En la misma fecha el propio tribunal dictó un nuevo mandamiento, conforme a la ley, y el peticionario fué nuevamente encarcelado por tiempo indefinido hasta que cumpliera con los términos de la sentencia en el pleito de alimentos.

No es necesario que nos detengamos a considerar aquel fundamento de la petición por el que se ataca la jurisdicción del tribunal para sentenciarle, en desacato civil, a un término indefinido de prisión hasta que realizara el acto afirmativo requerídole en la sentencia de alimentos, por no haberse agotado otros remedios adecuados en ley para hacer cumplir la misma antes de sentenciársele. En la vista oral del recurso se indicó que estos otros remedios podían ser el aseguramiento, mediante embargo, de sueldos, rentas o bienes susceptibles de ello y de su venta en pública subasta en ejecución de sentencia cuando procediere. La cuestión planteada a ese respecto ha sido ya resuelta en esta jurisdicción en *Villa* v. *Corte*, 45 D.P.R. 879, adversamente a la contención del peticionario. En dicho caso se impugnaba la autoridad del tribunal a quo para castigar por desacato la nega-

tiva a cumplir con una sentencia concediendo alimentos a la esposa demandante, aduciéndose como fundamento que el remedio adecuado en ley era la ejecución de la sentencia sobre los bienes del demandado. Así se expresó, en parte, este Tribunal por voz de su Juez Asociado Sr. Córdova Dávila:

"La obligación que tiene el marido con respecto a la mujer de satisfacer sus necesidades y alimentarla debe hacerse efectiva de algún modo. Cuando se acude a una corte solicitando alimentos es porque la parte obligada a darlos se niega a cumplir este deber. No es extraño que esta resistencia continúe manifestándose después de haberse concedido alimentos por un tribunal de justicia, en cuyo caso la parte favorecida por la sentencia quedaría burlada en sus derechos si no dispone de medios para hacerlos efectivos. Cuando el marido tiene bienes, puede expedirse una orden de ejecución contra los mismos; pero si se trata de una pensión alimenticia pagadera por mensualidades ¿es justo y razonable obligar al cónyuge que obtuvo la sentencia a solicitar una orden de ejecución todos los meses? La resistencia obstinada del marido daría lugar a un multiplicidad de órdenes de ejecución; y parece natural que se adopten medidas tendentes a evitar estas trabas y dificultades en la administración de justicia. Si, por el contrario, el marido carece de bienes, pero recibe periódicamente dinero como producto de su trabajo, ya porque esté colocado o porque tenga entradas de otra índole, el procedimiento de ejecución no resultaría un remedio adecuado. Lo mismo ocurriría cuando el esposo oculta sus bienes. En uno y otro caso fracasarían los fines de la justicia y las disposiciones del Código Civil quedarían incumplidas, por falta de un remedio adecuado en la ley para hacerlas efectivas. Nuestros tribunales tienen por la ley jurisdicción para actuar, y deben disponer, y disponen por ministerio de la misma ley, de todos los medios necesarios para hacer efectiva su jurisdicción. Y aunque la ley no los dispusiese, sus deficiencias quedarían suplidas por las facultades inherentes de los tribunales y la razón natural conforme a equidad y los principios generales del derecho. Las actuaciones de los tribunales deben inspirarse en la equidad y la justicia.

"En este caso nos limitamos a resolver la cuestión planteada. La corte inferior tiene facultades para castigar por desacato la desobediencia voluntaria y obstinada a una orden o sentencia

concediendo alimentos. El tribunal *a quo* declara que carece de esas facultades. Nosotros resolvemos que las tiene y que puede hacer uso de ellas cuando las circunstancias del caso lo requieran. ..."

■ ▆▆▆▆ La segunda alegación relativa a que la sentencia por desacato somete al peticionario a un castigo cruel e inusitado, contrario a la disposición constitucional que tal cosa prohíbe, merece, en vista de las circunstancias que concurren en este caso, detenida consideración.

En *Dubón* v. *Casanova*, 65 D.P.R. 835—seguido en *Munet* v. *Ramos*, 69 D.P.R. 353 y en *Espinosa* v. *Ramírez, Alcaide de Cárcel*, supra—dejamos definitivamente reconocida la facultad de nuestros tribunales para ejercitar de manera efectiva su poder incidental de hacer cumplir sus sentencias a través del medio coercitivo de encarcelación por tiempo indefinido. *Cf. Germán* v. *Corte,* 63 D.P.R. 612. En el caso de autos, el tribunal que sentenció al peticionario ejercitó esa autoridad ordenando su encarcelación por término indefinido, hasta que cumpliera con su orden. ¿Debe el peticionario permanecer inexorablemente en la cárcel—si persiste en su negativa—hasta que cese por ley su obligación de dar alimentos? ¿Bajo qué circunstancias podría un tribunal quedar convencido de que el uso del medio coercitivo de prisión indefinida, en beneficio de la menor, no es eficaz para lograr el objetivo deseado?

Es preciso, antes que nada, tener presente que no tratándose en este caso de una sentencia por desacato criminal—dirigido a vindicar la dignidad y la autoridad de la corte—la sentencia de prisión indefinida no tuvo por objeto castigar en el peticionario su conducta claramente desdeñosa hacia el tribunal. El objeto de dicha sentencia fué, en el ejercicio por el tribunal de su poder incidental para hacer cumplir sus órdenes, proporcionar a la menor, a través de ese medio coercitivo, la oportunidad de lograr el cumplimiento de la sentencia concediéndole alimentos.

Este Tribunal, en los casos arriba mencionados, citando entre otros el de *Gompers* v. *Buck Stove & Range Co.*, 221 U. S. 418, 55 L. ed. 797, ha expresado con gran claridad los conceptos básicos que gobiernan y el alcance que tiene tanto el procedimiento de desacato criminal como el civil. Es innegable que en el caso de desacato civil, cuando el desacatador no ha intentado justificar su desobediencia a la orden que le impone el acto afirmativo que viene obligado a realizar y caprichosamente se niega a cumplir con ella, el tribunal tiene la facultad—y aún más, el deber—de ofrecer a la parte que tiene derecho a la reparación, el medio coercitivo de que dispone para hacer cumplir sus propias órdenes. Actuó dentro de ley y actuó sabiamente el juez que sentenció al peticionario a reclusión indefinida hasta que cumpliera con la sentencia en el pleito de alimentos. Él no ofreció—al ser citado para mostrar causas por las cuales no debiera declararse incurso en desacato—justificación alguna que pudiera convencer al tribunal que él estaba imposibilitado para cumplir con la orden por razón de su situación económica. Tuvo la oportunidad de así hacerlo y no lo hizo, y al ingresar en la prisión, según dijimos en *Dubón* v. *Casanova*, supra, citando el caso de *In re Nevitt*, 54 C.C.A. 622, 117 Fed. 448, llevó consigo la llave que podía devolverle la libertad. Esa llave era indudablemente el pago de las sumas por alimentos para la menor, cuya paternidad se le había adjudicado judicialmente. Luego, después de su encarcelación, pudo haber hecho uso de otra llave para obtener su libertad: demostrar al tribunal inferior su incapacidad económica para cumplir la orden que le condenaba a pasar $5 semanales, *Munet* v. *Ramos*, supra, y los casos allí citados de *Rivera* v. *Torres*, 56 D.P.R. 583 y *Quiñones* v. *Corte*, 54 D.P.R. 189, pues al igual que tal imposibilidad económica pudo haber sido una válida defensa al mostrar causas por las cuales no debería declarársele incurso en desacato, en cualquier momento posterior—durante su encarcelación—el peticionario pudo haber obtenido su libertad si así lo hubiera demostrado. La prisión indefinida en des-

acato civil por dejar de pasar alimentos, si en verdad el des-
acatador está realmente imposibilitado de pasarlos, consti-
tuiría un castigo cruel e inusitado. *Brown* v. *Brown*, 187
N.E. 836; *Politano* v. *Politano*, 146 Misc. 792, 262 N.Y.S. 802.

La situación de hechos en este caso, sin embargo, nos lleva
a considerar un nuevo aspecto de la cuestión. Cuando, como
en el presente caso, han transcurrido dos años y más de cua-
tro meses de estar encarcelado el peticionario bajo la orden
de prisión indefinida; cuando puede existir un genuino escrú-
pulo en su conciencia para realizar el acto afirmativo que se
le requirió por la sentencia de alimentos para explicar—no
justificar—su repetida negativa a pasarlos, consistente di-
cha actitud en todo momento con la originalmente adoptada
en la comparecencia para mostrar causas al manifestar que
no había cumplido ni cumpliría con la orden del tribunal a
dicho efecto, es palpable la inefectividad, hasta el presente,
del medio coercitivo utilizado para ofrecer la reparación a la
parte con derecho a ella. Es razonable pensar que si el largo
término de prisión a que ha sido sometido el peticionario no
le ha movido a eliminar de su conciencia el escrúpulo que lo
ha hecho elegir la prisión indefinida antes que cumplir con
el mandato judicial, su continuada encarcelación no habría de
producir el objetivo perseguido al enviarse a la cárcel indefi-
nidamente: que pasara a la menor Ruth Pérez la suma de
$5 semanales por concepto de alimentos. No debe enten-
derse que es nuestro criterio que no deba utilizarse en casos
de esta naturaleza el medio coercitivo de prisión indefinida
hasta que se cumplan las órdenes y sentencias de alimentos,
sobre todo en casos de menores. A él debe recurrirse tantas
cuantas veces, adjudicada la paternidad y concedidos judi-
cialmente, se nieguen sin justificación a la persona con dere-
cho a ellos los alimentos necesarios fijados por el tribunal para
su subsistencia. Y deben ser los tribunales escrupulosos al
considerar cualesquiera circunstancias que puedan invocarse

en su defensa por el obligado a darlos, inicial o subsiguientemente al comienzo del procedimiento de desacato, que pueda derrotar el derecho de la parte a recibirlos.

Sin embargo, cuando en situaciones como las del presente caso puede anticiparse razonablemente, por el tiempo transcurrido y las circunstancias que concurren—el peticionario negó la paternidad de la menor en el pleito civil de alimentos —que la continuada encarcelación del desacatador no va a surtir los efectos de dar a la otra parte la reparación necesaria, entonces no está justificada esa subsiguiente encarcelación, por ineficaz y porque se tornaría de ahí en adelante en castigo cruel e inusitado. En tales situaciones debe acudirse a otros medios que puedan resultar eficaces para lograr el propósito primordial que movió al tribunal a dictar la sentencia de prisión indefinida y que no dependan de la determinación propia de la persona obligada a dar los alimentos. Así podría atacarse el problema social básico que se intentó resolver con la prisión indefinida, cual es, la alimentación de una niña de edad temprana por aquél a quien se ha adjudicado judicialmente su paternidad. Si la encarcelación indefinida de éste no resuelve ese problema social básico, porque ningún beneficio recibe la menor mientras dicha encarcelación se prolongue, désele la libertad al desacatador y síganse cuando estas circunstancias surjan, aquellos otros procedimientos que puedan culminar en un aseguramiento del bienestar de la niña, a través de embargo y ejecución, en sus propiedades, en sus rentas o en sus sueldos hasta donde la ley lo permita. Otra cosa sería convertir la encarcelación que se ordenó como medio de obtener la solución de un problema social—medida reparadora—en una encarcelación por castigo—medida punitiva—y resultaría en un castigo cruel e inusitado, sin resolver el problema de hambre de la menor.

*Convencidos como estamos de que la continuada prisión del peticionario no ha de surtir el efecto reparador que se persiguió con la misma, ésta no está justificada y procede su excarcelación.*