ROSA LÓPEZ GÓMEZ, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. FILIBERTO SANTIAGO ROSARIO, JUEZ, demandado; JUAN JOSÉ SAINZ RODRÍGUEZ, interventor.

*Número:* O-74-236        *Resuelto:* 20 de mayo de 1975

*Santiago & Pagani,* abogados de la peticionaria; *Guillermo Bauzá
y J. Bauzá Agrinsoni,* abogados del interventor.

PER CURIAM: El 5 de junio de 1969 se emitió sentencia en
este caso disolviendo el vínculo matrimonial existente entre
la recurrente y el recurrido durante siete años. No procrearon
hijos. Por estipulación de las partes, se le fijó a la recurrente
en la sentencia una pensión alimenticia de cien dólares men-
suales. El recurrido, profesor universitario, pagó las mensua-
lidades correspondientes hasta diciembre de 1969 y alimentos
*pendente lite* desde enero de dicho año.

El 25 de junio de 1971 se enmendó la sentencia *nunc pro
tunc* para incorporarle un apercibimiento al recurrido de que
se le encontraría incurso en desacato en caso de que no pagase
los alimentos ordenados por el tribunal. No está ante nos el
récord que provoca esta enmienda, como tampoco la transcrip-
ción de evidencia del caso original de divorcio.

El 17 de setiembre de 1973 la recurrente compareció dentro
del pleito del divorcio y radicó una moción de desacato, ale-
gando que el recurrido no le ha pagado alimentos desde enero
de 1970. El 18 de diciembre de 1973 solicitó el recurrido que
se le eximiese del pago de la pensión alimenticia. Se celebró
una vista el 18 de marzo de 1974, a la cual comparecieron

ambas partes. En dicha vista el recurrido alegó también que la fijación de la pensión era nula.

Declaró tan sólo la recurrente, quien explicó, en términos muy generales, que hizo algunas gestiones para el pago de las sumas atrasadas (T.E. págs. 11-12) y que estuvo ausente en su país natal, España, desde febrero de 1972 hasta enero de 1973. La ilustrada sala sentenciadora concluyó que la promovente aparentaba ser una mujer joven y saludable, que tenía 35 años y el promovido 43 y que de estas determinaciones infería "que se fijó una pensión en papel que nunca se reconoció por las partes", aunque no hizo pronunciamiento formal alguno respecto a si dejaba sin efecto o alteraba la pensión fijada. Exoneró, no obstante, al recurrido en el incidente de desacato, por estimar que dicho remedio "no es el indicado en un caso que presenta las circunstancias de éste." De esta resolución es que se recurre ante nos.

██ No podemos convenir en que la pensión fijada fue una pensión en papel nunca reconocida por las partes. Fue una pensión estipulada por los representantes legales de las partes, práctica conforme a derecho. *Casiano* v. *Tribunal Superior*, 101 D.P.R. 327, 328 (1973). Fue, además, una pensión honrada por el recurrido por varios meses que luego decidió repudiar de propia iniciativa, sin acudir a los tribunales para su cambio o eliminación. Todo alimentante tiene el deber de distribuir sus ingresos de forma que pueda cumplir con su obligación, *Munet* v. *Ramos*, 69 D.P.R. 353 (1948), y en caso de no poder cumplirla tiene el deber afirmativo de recurrir al tribunal para que pueda alterarse la pensión. La reducción, de ser concedida, sólo puede surtir efecto a partir de la fecha que se solicita. *Valdés* v. *Hastrup*, 64 D.P.R. 595, 601 (1945); *García* v. *Tribunal de Distrito*, 69 D.P.R. 517, 524 (1949). No puede premiarse al alimentante que se cruza de brazos, deja vencer un número de pagos y confía burlar así las órdenes de los tribunales. Es claro, por tanto, que el recurrido le adeuda a la recurrente los plazos correspondientes

a la pensión fijada desde el momento que interrumpió su pago hasta al menos la fecha de su moción de 18 de diciembre de 1973. En cuanto a los argumentos del recurrido relativos a la nulidad de la sentencia, no son procedentes, por supuesto, en esta etapa por constituir un ataque colateral a la sentencia. *Rodríguez* v. *Albizu*, 76 D.P.R. 631 (1954).

Queda el problema, sin embargo, del procedimiento adecuado para cobrar la pensión adeudada. A la luz del récord fragmentario ante nos y ante el propio tribunal de instancia estimamos que no es aconsejable dentro de las circunstancias específicas de este caso una determinación tanto por parte del tribunal recurrido como por la nuestra sobre si la prueba aducida hasta el momento cumple con los requisitos impuestos en *Villa* v. *Corte*, 45 D.P.R. 879–900 (1933), para justificar el uso del desacato civil o si debe acudirse a otro remedio, preferiblemente dentro del mismo procedimiento, para obtener el debido cumplimiento de las órdenes del tribunal respecto a la pensión acordada.

*Se deja sin efecto en consecuencia la resolución recurrida y se devuelve el caso al tribunal de instancia para que determine el modo más expedito y eficaz de obtener el cumplimiento de la providencia dictada respecto a los alimentos en la sentencia de divorcio aludido y resuelva a su vez lo que proceda respecto a la moción del recurrido de 18 de diciembre de 1973.*