# 95 DTA 151

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAROLINA - FAJARDO REGION VII**
**PANEL I**

CARMEN AUREA MARQUEZ CARATTINI
Demandante-Apelada

v.

JOSE M. MORENO HERNANDEZ
Demandado -Apelante

Núm. KLAN-95-00418

San Juan, Puerto Rico, a 24 de mayo de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres

## TEXTO COMPLETO DE LA RESOLUCION

El demandado-apelante, José M. Moreno Hernández solicita que revisemos una Resolución emitida el día 28 de marzo de 1995, por el Juez Roberto M. Miranda, Tribunal de Primera Instancia, Sala Superior de Carolina, y notificada el 3 de abril de 1995. En dicha Resolución se encontró a Moreno Hernández incurso en desacato por incumplir el pago de una pensión alimenticia para beneficio de su hija, Altie Marie Moreno Márquez. La pensión fue establecida por sentencia del Tribunal Superior de Puerto Rico a raíz del divorcio de Moreno Hernández con la aquí demandante-apelada, Carmen A. Márquez Carattini. El demandado recurre ante el Tribunal de Circuito de Apelaciones por medio de un recurso de apelación. Este recurso es improcedente en este caso, como medio para revisar la Resolución del Tribunal de Instancia. Nos explicamos.

El Plan de Reorganización Núm. 1 de la Rama Judicial, de 28 de junio de 1994, conocido como la *"Ley de la Judicatura de Puerto Rico de 1994",* dispone por medio de su Artículo 4.002, la forma en que el Tribunal de Circuito de Apelaciones dispondrá de los asuntos que lleguen ante su consideración. En su inciso (a), el Artículo 4.002 dispone cuándo procederá un recurso apelativo:

*"(a) Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición, exceptuándose aquello dispuesto en el inciso (b) del Artículo 3.002 de esta Ley."*

El inciso (c) de este Artículo, por otro lado, expone aquellas situaciones que este Tribunal revisará mediante auto de certiorari:

*"(c) Mediante auto de Certiorari, expedido a su discreción de cualquier otra resolución u orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición para evitar un fracaso de la justicia o que pueda privarse al recurrente de la revisión justa e imparcial a la que tiene derecho por ley...."*

La revisión mediante auto de *certiorari* de una resolución del Tribunal de Primera Instancia no está limitada a aquellas de naturaleza interlocutoria. El citado inciso (c) faculta a este Tribunal a revisar mediante el auto discrecional de certiorari *"cualquier otra resolución"* del Tribunal de Primera Instancia, así como cualquier otra *"orden"* o *"providencia judicial".* Son sólo estas últimas las que la Ley identifica como *"interlocutorias",* es decir, que son emitidas antes de que recaiga sentencia. En cuanto a las resoluciones, la Ley no limita su revisión a aquellas de naturaleza interlocutoria.

En este caso, el mecanismo adecuado para encontrar a Moreno Hernández incurso en desacato civil era la resolución, pues ya obra en autos una sentencia de divorcio. Estamos pues, ante una resolución post-sentencia, revisable mediante auto de *certiorari*, a ser expedido discrecionalmente, de conformidad con el Artículo 4.002 de la Ley de la Judicatura de 1994. E.g., *Otero Fernández v. Alguacil,* 116 D.P.R. 733, 741 (1985). Por tanto, acogemos el recurso como uno de *certiorari*, ya que el mismo cumple con todos los requisitos establecidos por la Reglas 18, 19 y 20 del Reglamento del Tribunal de Circuito de Apelaciones.

El demandado alega que la Resolución que lo declara incurso en desacato es errónea porque el Tribunal de Instancia no se pronunció en cuanto a la validez de otra sentencia de

divorcio emitida en la República Dominicana. No le acompaña la razón, por constituir su reclamo un ataque colateral a la sentencia de divorcio dictada en Puerto Rico. Véase *López Gómez v. Tribunal Superior*, 103 DPR 866 (1975). El asunto que pretende el demandado que se resuelva ya estuvo ante la consideración del Tribunal Superior, y eventualmente del Tribunal Supremo de Puerto Rico, cuando se llevó a cabo el procedimiento de *Exequátur* de la sentencia de divorcio de la República Dominicana, caso civil núm. RF86-2381. El Tribunal Superior no le reconoció ningún tipo de validez a la sentencia de la República Dominicana porque, entre otras cosas, no fijaba una pensión alimenticia para la menor procreada por las partes. El Tribunal Supremo confirmó ese dictamen. Recurso CE-90-425.

Por todo lo cual, como nuestros tribunales tienen completo poder para sancionar por medio de desacato civil el incumplimiento del pago de pensiones alimenticias y está en pleno vigor la sentencia de divorcio dictada en Puerto Rico, declaramos el recurso del demandado NO HA LUGAR. Véanse: *Piñero Crespo v. Gordillo Gil,* 122 DPR 246 (1988); *Rodríguez Avilés v. Rodríguez Beruff,* 117 DPR 616 (1986); *Otero Fernández v. Alguacil, supra; Sosa Rodríguez v. Rivas Sariego,* 105 DPR 518 (1976).

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General