# 96 DTA 81

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

SANDRA MARTINEZ RIVERO
Peticionaria

v.

GILBERTO SUAREZ PAGAN
Recurrido

Núm. KLCE-95-00960

RECEIVED
OCT 2 9 1996
SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 8 de febrero de 1996

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

El recurso instado en el caso de epígrafe interesa la revisión y revocación de una resolución emitida el 27 de octubre de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante ésta el foro de instancia declaró No Ha Lugar una moción de desacato promovida por la peticionaria Sandra Martínez Rivero contra el recurrido, fundamentada en un alegado incumplimiento con una pensión alimenticia. Por los fundamentos que exponemos a continuación resolvemos que resulta procedente denegar la expedición del auto solicitado.

## I

La peticionaria y el recurrido disolvieron el vínculo matrimonial que los unía mediante sentencia de divorcio por mutuo consentimiento que fue emitida el 14 de junio de 1995. ▮ A tales efectos las partes estipularon una pensión alimenticia de $650.00 mensuales para beneficio de dos niñas menores de edad procreadas vigente el matrimonio, más una cantidad adicional de $450.00 para beneficio de la peticionaria, ambas a ser satisfechas por el recurrido. Dicha suma de $450.00 correspondía al pago mensual de la hipoteca que gravaba el inmueble ganancial, ▮ habiendo estipulado las partes que " *[l]os pagos mensuales en abono de la hipoteca que [grava el inmueble] serán realizados por la peticionaria y no se creará, por tal razón, un crédito a su favor al momento de disponerse de ella".* ▮ Se obligó además, el recurrido, a mantener a las menores y a la peticionaria bajo la protección de un plan de seguro médico, beneficio que en lo que respecta a la peticionaria, sólo quedaría sin efecto de contraer ésta nuevo matrimonio.

En lo que respecta a los bienes gananciales, las partes estipularon que el único inmueble ganancial, localizado en la Calle Sabana, Núm. 257, University Gardens, Río Piedras, Puerto Rico, seguiría siendo ocupado por la peticionaria hasta tanto fuere vendido o ésta contrajera nuevas nupcias, quedando a la sola discreción de la peticionaria la decisión de poner en venta. De venderse, el producto neto de la venta sería distribuido por igual entre ellos.

En relación con los bienes muebles convinieron, además, que el mobiliario y equipo del hogar y uno de los dos vehículos que poseían quedarían para beneficio de la peticionaria. Se pactó, además, que todas las obligaciones gananciales, a excepción de la hipoteca a la que estaba afecta el inmueble ganancial, las que fueron estimadas en $6,000.00, serían asumidas por el recurrido. ▮

Con este trasfondo y luego de haber trascurrido 15 meses a partir de la fecha en que se emitió la sentencia de divorcio, la peticionaria decidió vender el inmueble ganancial, transacción que se formalizó en el mes de septiembre de 1986. A partir de la fecha de venta del inmueble ganancial, el recurrido descontinuó el pago de los $450.00 correspondiente a la pensión de la peticionaria. Al así proceder entendía éste que conforme a lo acordado y estipulado, la venta de dicho inmueble conllevaba el relevo del pago de tal obligación. En lo que respecta a la pensión correspondiente a las menores, continuó pagando la misma con puntualidad.

Transcurridos cinco (5) años, dos (2) meses, desde que el recurrido descontinuó el pago de la pensión de $450.00 correspondiente a la peticionaria, presentó ésta una moción de desacato contra el recurrido, fundamentada en el alegado incumplimiento de la pensión alimenticia estipulada para su beneficio. Notificada como fue dicha moción compareció en autos el recurrido negando tal alegado incumplimiento, lo que dio base, luego del trámite correspondiente, a la celebración de una vista de naturaleza evidenciaria, en la que las partes aportaron prueba en apoyo a sus respectivas contenciones. Concluida la vista y aquilatada la prueba testifical aportada, el tribunal dirimió todo conflicto dando crédito a la prueba aportada por el recurrido y desmereciendo aquella aportada por la peticionaria. Emitió así la resolución ahora recurrida, mediante la cual declaró No Ha Lugar la moción de desacato promovida por la peticionaria.

## II

Al examinar ahora el recurso instado y los fundamentos de impugnación aducidos, ninguna razón meritoria se aduce que justifique nuestra intervención para alterar la apreciación que de la prueba hizo el foro recurrido. Tampoco la encontramos nosotros. Basta con señalar que no es función nuestra pasar juicio sobre la credibilidad de los testimonios aportados. Ello le corresponde al foro de instancia y la apreciación de la prueba que éste haga debe prevalecer en ausencia de error manifiesto, pasión,

prejuicio o parcialidad. *Monllor Arzola v. Sociedad de Gananciales* ___ D.P.R. ___ (1995), **95 J.T.S. 77**; *Gallardo v. Petitón,* ___ D.P.R. ___ (1992), **92 J.T.S. 158**; *Pérez Cruz v. Hospital de la Concepción,* 115 D.P.R. 909 (1984). Es éste el que, de ordinario, está en mejor posición para aquilatar la prueba testifical ya que fue quien oyó y vio declarar a los testigos. ■

Independientemente de lo antes indicado, lo que de por sí justifica la denegación del auto solicitado, la frivolidad del recurso se hace evidente al considerar la naturaleza del remedio pretendido.

Como sabemos, en el ámbito del derecho de familia y la prestación de alimentos entre parientes, la Ley Orgánica de Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según ha sido enmendada por la Ley Núm. 86 de 17 de agosto de 1994, 8 L.P.R.A sec. 501 *et seq.,* incorporó el desacato como uno de los mecanismos de aseguramiento de sentencia en casos de cobro de pensiones alimentarias. En su artículo 31 L.P.R.A. sec. 529, dispone que *"...[E]l procedimiento de desacato con la resultante reclusión carcelaria del alimentante deudor que sea hallado incurso en desacato, se incorpora a este Capítulo como medida efectiva para hacer valer el derecho a alimento".* ■ Se integra, así, el empeño de lograr que el alimentante cumpla su obligación alimentaria con el poder inherente de los tribunales para vindicar la majestad de la ley y hacer efectiva su jurisdicción y sus pronunciamientos. *Pérez Pascual v. Vega,* 124 D.P.R. 529, 535 (1989); *Sterzinger v. Ramírez,* 116 D.P.R. 762, 787 (1985); *Pueblo v. García,* 103 D.P.R. 547 (1975). Así, se ha expresado que la utilización de dicho instrumento por parte del poder judicial, *"por ser de naturaleza reparadora y no punitiva, debe utilizarse con prudencia, por la privación de libertad que conlleva, y limitado a aquellos casos en que hubiere una desobediencia voluntaria y obstinada a una orden o sentencia concediendo alimentos y en que la continuada encarcelación del desacatador pueda surtir los efectos de dar al alimentista la reparación necesaria..."* *Sosa Rodríguez v. Rivas Sariego,* 105 D.P.R. 518, 521-522 (1976). Es por ello que se aconseja que el mecanismo de desacato *"debe ser el último método a utilizarse por el tribunal",* *Sosa Rodríguez, supra* a la pág. 522; *Espinosa v. Ramírez,* 72 D.P.R. 901, 904 (1951); *Villa v. Corte,* 45 D.P.R. 879, 900 (1933), puesto que *"el encarcelamiento del alimentante, si bien es un mecanismo disuasivo extraordinario, por otro lado priva al alimentista de continuar recibiendo ingresos para el pago de las pensiones alimenticias de sus hijos."* Sarah Torres Peralta, *La Ley Especial de Sustento de Menores,* 49 Rev. Col. Ab. a la pág. 196 (1988).

Según ya indicado, fue luego de considerar y aquilatar la prueba que aportaron las partes en ocasión de la vista celebrada y dirimir todo conflicto entre ésta, que el foro de instancia, resolviendo con ajuste a los principios de derecho antes reseñados, emitió el dictamen ahora recurrido. Evidentemente, al así resolver actuó con corrección por lo que, en ausencia de error manifiesto, pasión, prejuicio o parcialidad, ninguna razón existe para alterar la decisión recurrida. Procedemos así a denegar la expedición del auto solicitado.

### III
Por los fundamentos antes expuestos se deniega la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General

María de la C. González Cruz
Secretaria General

### ESCOLIOS 96 DTA 81

**1.** Como es sabido, el consentimiento mutuo como causal de divorcio está regulado por las directrices esbozadas en el caso de Sonia Figueroa Ferrer v. Estado Libre Asociado, 107 D.P.R. 250 (1978). Entre otras consideraciones, el Tribunal Supremo exigió como requisito de dicha causal *"adjuntar [las] estipulaciones correspondientes sobre división de bienes [gananciales], sustento de las partes y otras consecuencias del divorcio, de manera que el tribunal entienda que ambas partes recibirán protección adecuada".* *Id.* a la pág. 276.

**2.** Véase Resolución recurrrida, pág. 1.

**3.** Véase Petición y Estipulación, Acápite II, párrafo primero.

**4.** Véase Petición y Estipulación, Apéndice de la Petición de *Certiorari*, págs. 1 a 3.

**5.** En lo que respecta al análisis que de la prueba hizo el tribunal recurrido nos remitimos a la resolución recurrida. En ésta se fundamenta y se indican las razones que tuvo para desmerecer el testimonio de la peticionaria, las que plenamente justifican su dictamen.

**6.** A pesar de que el Tribunal Supremo se ha expresado en ocasiones sobre un desacato *sui generis, In re: Marina Báez,* 81 D.P.R. 274 (1959); *Dubón v. Casanova,* 65 D.P.R. 835 (1946), dicho foro ha establecido una diferencia entre las dos clases de desacato posibles, a saber, el criminal y el civil, distinguiendo entre ambos de acuerdo a la naturaleza y el propósito del remedio solicitado. A tales efectos, si la intención es reparadora, o sea, que lo que se persigue es inducir a alguien a cumplir con una obligación, el desacato es de naturaleza civil. Si el objetivo es vindicar la autoridad del tribunal, el desacato es de orden penal. *Pueblo v. Lamberty,* 112 D.P.R. 79, 81 (1982).